G-rimke, J.,
delivered the opinion of the court:
An accord without satisfaction is no bar. The accord or agreement to accept satisfaction must be actually and fully executed to form a defense. Bac. Ab. Sit. Accord, A; 1 Ld. Raym. 122; 2 New R. 148; 3 East, 252.
This is the general principle, and the case of Watkinson v. Higlesby, 5 Johns. 384, does not contradict it. There, A. pleaded that he, together with B., being indebted to C. and several others, agreed to assign all their stock in trade, and outstanding debts to C., and their other creditors, who agreed to accept the same in full satisfaction of their debts, and averred that he and B. did deliver all their stock in- trade and assigned all the debts due to them, which were received in full satisfaction by C. and their other creditors, and it was held to be a good satisfaction.
There was not a mere substitution of one right of action in the place of another against the same person. The debt of C. was canceled, although a right of action as against others hud sprung up in its place. It was not in- the power of C. to execute the agreement for those others, although it might be in his power to execute his own agreement. An accord not ex.ecu.ted is no bar to the pre-existing demand, but if executed by delivering a collateral thing which is agreed to be accepted as a satisfaction, it is a bar.
The old books sometimes speak of records executory on a future day certain, and accords executory without limitation of time; but in both cases it appears to be admitted that if a full performanee *does not precede the bringing of the action it is no defense. An accord, says Comyn (Dig. 135; Lit. B. 4), must be executed before the action commenced. In the late case of Cartwright v. Cook, 3 Barn. & Adol. 70, it was held that an accord, with mutual promises to perform, is good, though the thing be not performed at the time of action. And in the ease of Goodright v. Cheesman, 2 Barn. & Adol. 328, it was held that an agreement not performed, although it was not good as an accord and satisfaction, would be a good defense under the general issue. But as Mr. Chitty, in his work on contracts, remarks, this decision is not in conformity with preceding determinations. If there were any real conflict between the English and American authorities, when collected and well considered, I should be disposed to give the preference to the latter. And I observe that in the late case of Russell v. Lytle, 6 Wend. 390, it was held that to an action of debt on *401 bond for the payment of money, a plea averring an agreement to-accept a surrender of lands, mortgaged as collateral security, and a tender of performance by the defendant was not a bar. This carries us back to the old doctrine that accord executed is a satisfaction. But that accord executory is only substituting one cause of action in the room of another. In Allen v. Harris, 1 Ld. Raym. 122, it was decided that an accord before execution is no bar; and, as remarked in 6 Wend., this has been so often ruled that a decision to the contrary would overthrow all the books.
The doctrine in 3 Barn. & Adol., that an accord with mutual promises to perform is good, though the thing be not performed at the time of action, rests upon the single dictum of Comyn, and is contradicted by the general current of the authorities. I do not see, then, how this plea can be sustained. The determination on the demurrer was right, and the judgment must be affirmed.