## COMPROMISE AGREEMENT AS TO BREACH OF PROMISE TO MARRY.

[Circuit Court. of Miami County.]

WILLIAM H. CONARD V. ALMIRA BARE.

Decided, April, 1904.

*Accord and Satisfaction—And Accord without Satisfaction—Neither Party Bound by Such an Agreement—Until He has Yielded Some Right or Advantage.*

An agreement of accord and satisfaction in full release of a promise of marriage is without binding force so long as it remains unexecuted, or ·so long as the party complaining of the· failure to execute the agreement of accord is unable to show a surrender of anything or the loss of .any right by reason of entering into the agreement.

DUSTIN, J.; SULLIVAN, J., and WILSON, J., concur.

October 9, 1903, plaintiff and defendant executed the following:

"This agreement entered into this ninth day of October, 1903, between William H. Conard and Almira Bare, both of Miami county, Ohio, witnesseth:

"That whereas said parties have heretofore on or about February 15, 1903, entered into a contract of marriage, and on or about September 19, 1903, said Almira Bare did notify said William H. Conard that she refused to carry out said contract of marriage with him, by reason of which said William H. Conard claims to be injured in his feelings and property, etc., and the parties hereto having mutually agreed to the amount of compensation to be paid said William H. Conard for his damages sustained by reason of the breaking of said contract, in the sum of four thousand dollars, which sum is now paid or secured to be paid to said Conard, the receipt of which he hereby acknowledges, they herewith release each other from all obligations under said contract of marriage.

"Signed in duplicate this 9th day of October, 1903.

"WILLIAM H. CONARD.
"ALMIRA BARE."

Almira's cash not being forthcoming to William, he brought this action on the above agreement for $4,000, with interest

from October 9th, 1903, alleging that said agreement on her part was "in consideration of a full release from *all consequences* of defendant's breach of a promise to marry plaintiff"; also alleging "that relying upon the verbal promise of defendant to immediately deliver to him four thousand dollars or its equivalent, he signed and delivered to her, the defendant, one of the aforesaid copies of their agreement, but that defendant had refused to pay him the said $4,000 or any part thereof," etc.

Defendant demurred on the ground that the petition shows an "accord" but no satisfaction, and hence is not sufficient foundation for an action.

The common pleas court sustained the demurrer, and plaintiff not wishing to plead further, the petition was dismissed, and plaintiff prosecuted error to this court.

We are of the opinion that the demurrer was rightly sustained upon the authority of *Frost* v. *Johnson*, 8th Ohio, 393, and *Bloomer* v. *Cist*, 4 N. P., 411-415, as well as upon the general principle governing accord and satisfaction.

Nothing was done by either party to carry out the agreement. Of course plaintiff was not bound by it until defendant paid or tendered the money, and she was not bound until he had yielded some right or advantage. But he had given up nothing, not even the love letters of his late sweetheart. He was in *statu quo*. If he had brought suit and in consideration of the agreement had dismissed it, the situation would have been different. If, relying on the agreement, he had lost the right to sue within the statutory limit, he might probably bring this action. But he gave up nothing; lost nothing, except of course the affections of the defendant. His civil rights are the same as they were before the violation of the agreement, and he can sue for breach of the promise of marriage, the same as if nothing had occurred. It is, therefore, in our opinion a clear case of accord without satisfaction, and the judgment of the common pleas court is affirmed.

*Robert J. Smith*, for plaintiff.

*A. F. Broomhall*, for defendant.