## ACCORD AND PROMISE TO PERFORM AS A DEFENSE.

Circuit Court of Cuyahoga County.

THE NEWBURG BRICK & CLAY COMPANY V. JOSEPH CHOJNICKI.*

Decided, July 14, 1909.

*Evidence—Competency of, as to Executory Agreement to Settle—Evidence as to Previous Occurrences of the Character for which Damages are Sought.*

1. It is not error to exclude evidence as to an oral executory agreement of settlement theretofore entered into between the parties.
2. In an action for damages for injuries to plaintiff from being struck, while standing on his own premises, by a stone thrown by a blast in a neighboring quarry, evidence of previous instances of stones being thrown upon the land of the plaintiff is competent, where admitted for the single purpose of showing whence the stone came that struck plaintiff and the distance it might be thrown in that way.

HENRY, J.; MARVIN, J., and WINCH, J, concur.

Error to the court of common pleas.

The defendant in error recovered a verdict and judgment of $250 in the court of common pleas, for personal injuries received by him in consequence of being struck by a piece of stone flying upon his own premises by a blast in the quarry of the plaintiff in error.

The first error assigned is upon the exclusion of evidence of an oral executory agreement of settlement between the parties. This ruling was made upon the authority of *Frost* v. *Johnson*, 8 Ohio, 393, wherein the first paragraph of the syllabus is as follows:

"An accord with mutual promises to perform is not a good defense if there be no performance before action brought. A part performance is not sufficient to bar the pre-existing demand."

* Affirmed without opinion, *Newburg Brick & Clay Co.* v. *Chojnicki*, 83 Ohio State, 458.

It is urged here, however, that while this doctrine was true at common law of a technical accord without satisfaction, it is now no longer, under the reformed procedure, if it ever was true of an executory contract, in which the consideration on either side is the mutuality of promises between the contracting parties. Upon the hearing we were impressed with this view, but upon careful examination of *Frost* v. *Johnson*, and of the only other reported case in which it has since been cited by any reviewing court in this state, namely, *Conard* v. *Bare*, 8 C.C.(N.S.), 118, we conclude that the trial court was right.

The second assignment of error is upon the admission of testimony of previous instances of stone thrown upon the land of plaintiff below by blasts from said quarry. The bill of exceptions discloses that one of the contentions made by the defendant below was, that stones could not be so thrown, and the evidence was admitted for the purpose of showing whence the stone came that struck the plaintiff, and how far such stones might be thrown. We hold that the evidence was admissible for these purposes merely.

The third and fourth assignments of error are respectively that the verdict is against the weight of the evidence and that it is excessive, but the evidence, as we have examined it, does not warrant us in interfering with the jury's findings.

The judgment is therefore affirmed.