## DELANEY & SON v JORDAN et

Ohio Common Pleas, Hamilton Co

Decided June 8, 1937

William L. Ricks, Cincinnati, for appellant, E. B. Delaney & Sons.

Chester J. Clark, Cincinnati, for appellee, The United Insurance Co.

Harry L. Falk, Cincinnati, for appellee, Willie Jordan.

### OPINION

By GORMAN, J.

The matter is here on appeal on questions of law from a judgment rendered in the Municipal Court of the city of Cincinnati.

Nathan Jordan, who died on May 22, 1936, carried an insurance policy on his life in the United Insurance Company, issued March 5, 1935. His stepson, Willie Jordan, was designated as beneficiary.

The trial court was right in deciding that the insurance company should pay the policy. The only other question is to determine whether judgment should be rendered for Willie Jordan, the stepson, or for E. B. Delaney & Sons, a funeral home.

It is clear to the court that Willie Jordan agreed that the undertaker should be paid from the proceeds of the policy, and acting upon his promise, the undertaker buried his stepfather. Willie Jordan, however, was admittedly a minor, and the sole question is whether such a promise on his part was an enforceable one.

A minor's contracts, except for necessaries, are voidable at his option. There is no claim that the minor, Willie Jordan, in this case misrepresented his age, for Mr. E. B. Delaney says that he knew he was an infant.

Under the uniform sales code, which we have adopted, it is provided that (§8382 GC):

"Necessaries in this section mean goods suitable to the condition in life of such infant or other person and to his actual requirements at the time of delivery."

It can be seen therefore that the term "necessaries" is a relative term depending upon the station in life and the needs of the particular infant.

We are not unmindful of the ruling in an English case where the infant wife was held liable for her deceased husband's funeral expenses on the ground that they should be considered expenditures for necessaries. See Chapple v Cooper, 13 M. & W., 252.

It is stretching that ruling rather far to hold that a boy is liable for the funeral expenses of his stepfather. He was not a blood relative and upon him was no duty under any circumstances even to support after reaching maturity.

True, it was essential that the father be buried, but no duty devolved upon the stepson to have that function performed. He may have made an agreement to pay for the funeral, but in law his promises are voidable. He has clearly sought to avoid it.

The judgment of the Municipal Court is therefore affirmed.