BANCOHIO NATIONAL BANK, APPELLEE,
  *v.* ABBEY LANE LTD. ET AL.,
  APPELLEES; HARDY, APPELLANT.

(No. 83AP-336—Decided January 19, 1984.)

*Messrs. Kincaid, Palmer & Randall, Mr. James R. Moats* and *Mr. G. Michael Callagan,* for appellee BancOhio Natl. Bank.

*Messrs. Schottenstein, Zox & Dunn* and *Ms. Deborah A. Solove,* for appellant.

KOEHLER, J. In October 1980, Robert Hardy, the appellant herein, and J. Phillip Eller obtained a commercial loan from appellee bank in the amount of $25,000. The cognovit note was signed by appellant and Eller both as individuals and as partners in an enterprise called "Abbey Lane, Ltd."

Subsequent to the debtors' failure to tender payments as required under the note, appellee took a cognovit judgment against the makers in the amount of $28,094.10 on June 6, 1981. Appellant thereafter successfully moved to vacate the judgment against him pursuant to Civ. R. 60 and asserted various defenses to appellee's claim.

Based upon the affidavit of one of its officers, appellant's deposition, the note, and certain letters mailed to appellant and Eller, appellee moved for summary judgment. The trial court sustained appellee's motion in a March 29, 1983 entry and this

appeal was subsequently initiated. Appellant raises four assignments of error as follows:

"1. The Franklin County Court of Common Pleas was in error in failing to recognize the executory accord between BancOhio National Bank (hereinafter 'BANCOHIO') and HARDY as a bar to a suit on the original contract.

"2. The Franklin County Court of Common Pleas was in error in failing to find that the Appellant, BANCOHIO had waived its right to insist on HARDY's payment of the full amount of the Note.

"3. The Franklin County Court of Common Pleas erred in deciding this case on a Motion for Summary Judgment since there are disputed issues of material facts.

"4. The Franklin County Court of Common Pleas erred in deciding this case on a Motion for Summary Judgment since BANCOHIO, the moving party, failed to meet its burden of proof."

Although appellant has asserted what he contends are four assignments of error, his arguments will be consolidated as described below.

Appellant's first assignment of error argues that the motion for summary judgment was improperly granted as there was an "accord" reached between the parties which constitutes a "substitute contract" and bars a suit on the original contract.

At his deposition, Hardy testified that:

"* * * in sitting down and talking with the bank concerning the matter, they agreed on that whole program of $12,500 plus interest for each one of us."

The bank also sent a letter to both Eller and appellant, appellant's copy of which reads, in part:

"Pursuant to our conversation of March 27, we have scheduled a meeting at this office for 9:30 AM on May 1, 1981, with you and Phil Eller.

"Your half of the loan payment, plus interest, will be *$13,857.60* on May 1.

"We will expect you and your Cashier's Check or Certified Check payable to BancOhio National Bank in the above amount at 9:30 AM on May 1." (Emphasis *sic*.)

Appellant argues that his testimony, when combined with the letter, creates a factual question as to whether or not appellee agreed to discharge appellant's liability for the full amount of the note ($25,000 plus interest) and accept in its place appellant's *promise* to pay one-half of that amount. Appellant argues that, since there is evidence of the discharge of the original obligation, summary judgment in appellee's favor against appellant on the original note was improper. We disagree.

Had appellant tendered all or part of the sum described in the bank's letter at the appropriate time and place using the prescribed method of payment, his argument that his liability on the original note was discharged would be somewhat more persuasive. However, appellant did not show up at the appropriate office of the bank at 9:30 a.m. on May 1, 1981, and has not tendered any money to the bank in payment of the note.

Where there is an accord and satisfaction, the debtor's original liability will be discharged upon the *performance* of some agreed duty. See, *e.g., Frost* v. *Johnson* (1838), 8 Ohio 393. Here there was no such performance.

At best, what is alleged by appellant's testimony is an "accord executory," or an agreement for the future discharge of an existing claim by a substituted performance. 6 Corbin, A Comprehensive Treatise on the Working Rules of Contract Law (1962) 71, Section 1268 (hereinafter "Corbin"). An accord executory is not in itself at once operative as a discharge of a claim unless the agreement itself *specifically* provides therefor. Corbin, *supra,* Section 1269, at 75.

In this regard, an accord executory generally resembles what is called a "unilateral contract," or the exchange of

a promise for a performance. A creditor promises to discharge a debt upon the debtor's performance of a certain act, usually the deliverance of a lesser sum of money or some valuable object to the creditor, or the performance of some service. The creditor does not want to give up his right to sue the debtor for the full amount owed in exchange for the debtor's *promise* to deliver something of value to him. Rather, he wants possession of the money or object, or a performance of the service, before discharging the debt.

In the case at bar, reading appellant's testimony and the bank's letter most strongly in appellant's favor, we must conclude that there is nothing evidencing an intention on the part of the appellee to discharge the appellant's liability for $25,000, plus interest, in exchange for appellant's *promise* to pay one-half of that amount. Indeed, at best, there *may* have been an "accord executory" through 9:30 a.m., May 1, 1981, but appellant's failure to tender the sum agreed upon at that time would appear to have caused the termination of that agreement.

As noted above, there must be a *clear* indication of a creditor's intention to discharge a debt in return for a debtor's *promise* to pay a lesser sum in order to enforce such an agreement. Absent such clear *indicia* of intent, we must hold that only the performance of the requested act, not the mere promise to perform, can discharge the debt. As there is nothing in the record which tends to prove that appellee intended to discharge appellant's liability on the original note prior to the requested performance, we cannot conclude that the trial court erred in determining that appellant was liable for the full amount of the loan. Accordingly, appellant's first assignment of error is without merit and is hereby overruled.

Appellant's second assignment of error asserts for the first time in this case that appellee has waived its right to assert a claim on the original contract. Appellant's answer below asserted the defenses of "accord," "estoppel," and that the appellant signed the note solely as an accommodation party. These defenses were addressed by the appellee in its memorandum in support of its motion for summary judgment, and by appellant in his memorandum in opposition to appellee's motion for summary judgment. The court's decision and judgment entry discuss these defenses, but make no mention of a defense of "waiver."

Ohio law is clear that questions not raised and determined in the court below cannot be considered by a reviewing court. *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207 [24 O.O.3d 316]; *Goldberg* v. *Indus. Comm.* (1936), 131 Ohio St. 399 [6 O.O. 138]. Generally, the theory upon which a case is tried must be adhered to on appeal, *Republic Steel Corp.* v. *Bd. of Revision of Cuyahoga Cty.* (1963), 175 Ohio St. 179 [23 O.O.2d 462], and issues which are not considered by the lower court and which are completely inconsistent with and contrary to the theory proceeded upon below cannot be raised for the first time on appeal. *Republic Steel Corp., supra.*

"Waiver" was neither raised by the parties nor considered by the court below. However, as appellant's "waiver" argument is essentially the same, in substance, as his "accord" and "estoppel" arguments, we will address this argument only to note its impotence.

Appellant argues that by agreeing to accept his promise to pay one-half of the amount due on the note, the bank waived its right to sue for the full amount. This argument fails for the same reason appellant's "accord" argument fails; *i.e.*, there is simply no "clear and unequivocal" words or acts which indicate appellee's intention to relinquish its rights on the note. *Andress* v. *Carter* (1944), 75 Ohio App. 1 [30 O.O. 248], paragraph six of the syllabus. In *White Co.* v. *Canton Transp. Co.* (1936), 131 Ohio St. 190 [5 O.O. 548], the Supreme Court held in paragraph three of the syllabus that:

"Where a waiver comes after a breach of the original contract by the party claiming the benefit of the waiver, it should receive, not only careful but serious consideration at the hands of courts, as such an arrangement is diametrically opposed to sound business principles."

Suing appellant for the full amount of the original note is not "inconsistent" with accepting appellant's promise to pay one-half of the amount, as appellant argues, where the appellant never performed his end of the agreement. Again, had appellant paid the amount requested at the time and place specified, his argument might be more persuasive. However, on the basis of the record before us, we cannot conclude the trial court erred in granting summary judgment as there is no genuine issue of fact as to waiver. Accordingly, appellant's second assignment of error is overruled.

In his third and fourth assignments of error, appellant argues that summary judgment was inappropriate as a matter of law, as there are genuine issues of fact. Appellant asserts that the bank's intention, as illuminated by the letter to appellant quoted above, is an issue of fact. However, as noted earlier, neither appellant's deposition nor the letter itself indicates any intention of the bank to discharge the appellant's liability on the original note prior to appellant's tender of the requested sum. As there is no clear indication of appellee's intention to discharge appellant's liability, there is no factual issue as to whether the agreement between the parties embodied such a term.

When the motion for summary judgment was filed against the appellant, it became incumbent upon him to advance evidentiary material sufficient to create a factual dispute as to the validity of his defenses or face judgment against him forthwith. Civ. R. 56. There being nothing in the record to support appellant's defenses, and there being admissions by the appellant that he signed the note in his individual capacity, received the money and failed to make payments as directed, it is clear that the trial court properly sustained appellee's motion for summary judgment.

Accordingly, appellant's third and fourth assignments of error are hereby overruled, and the judgment of the court below is hereby affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and REILLY, J., concur.

KOEHLER, J., of the Twelfth Appellate District, sitting by assignment in the Tenth Appellate District.