KULCSAR ET AL., APPELLEES, *v.* PETROVIC, APPELLANT.

(No. 1977—Decided September 12, 1984.)

*Charles A. Kennedy,* for appellees.
*Thomas T. Flynn,* for appellant.

QUILLIN, J.  This is an appeal by Charles R. Petrovic from the trial court's judgment in favor of Betty L. Kulcsar in the sum of $14,768 for the value of necessaries Kulcsar furnished to the illegitimate minor children of the parties. We affirm.

#### Facts

During the years 1962 through 1965, plaintiff Betty L. Kulcsar and the defendant Charles R. Petrovic engaged in a sexual relationship. On January 20, 1964, Betty Kulcsar gave birth to a daughter, Constance Kulcsar. On July 6, 1966, Betty Kulcsar gave birth to a son, Raymond Kulcsar. During the ensuing years, Charles Petrovic maintained a father-child relationship with Constance and Raymond, but made only nominal contributions to the support of the children. Betty Kulcsar has had custody of both children from their births until the present time.

On February 23, 1982, Betty Kulcsar filed a complaint individually

and on behalf of the children in common pleas court seeking the amount of $50,000 for future support and the value of necessaries already furnished. The case was tried to the court. The court found that Charles Petrovic is the natural father of Constance and Raymond Kulcsar, and that the children and the mother have a common-law right of action against the father for necessaries and future support. Betty Kulcsar was awarded judgment in the amount of $7,488 for necessaries provided to Constance, and $7,280 for necessaries provided to Raymond, plus future support in the amount of $15 per week for Raymond until his emancipation. Neither child received a separate award for necessaries.

## Assignment of Error

"The court erred in granting judgment to plaintiff-appellee, Betty L. Kulcsar, in the aggregate amount of $14,768.00 for necessaries provided to the two children when the record is silent as to any necessaries furnished."

## Discussion and Law

A father's natural duty to support his children is generally recognized. In Ohio, this duty is enjoined by both statute and common law. See R.C. Title 31; and 47 Ohio Jurisprudence 3d (1983) 67, Family Law, Section 608. Prior to 1972, the courts of Ohio only recognized a father's duty to support his legitimate children. *Pretzinger* v. *Pretzinger* (1887), 45 Ohio St. 452. It has since been established, however, that this duty of support extends to illegitimate children as well. See *Gomez* v. *Perez* (1973), 409 U.S. 535; *Franklin* v. *Julian* (1972), 30 Ohio St. 2d 228 [59 O.O.2d 264]; *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186 [20 O.O.3d 196]; and *Wiczynski* v. *Maher* (1976), 48 Ohio App. 2d 224 [2 O.O.3d 186]. Thus, it has been held that an illegitimate child may bring a civil action under the common law against his father for support and maintenance, and

that the mother of the illegitimate child may maintain a separate cause of action against the father for the cost of past support of the child as well as for future support. *Franklin* v. *Julian, supra;* 47 Ohio Jurisprudence 3d (1983) 99, Family Law, Section 633.

The father's duty of support of his minor children extends only to "necessaries." 59 American Jurisprudence 2d (1971) 144, Parent and Child, Section 55. The term "necessaries" is generally defined as:

"* * * a place of abode, furniture, articles of food and wearing apparel, medicines, medical attention, nursing, means of education, and social protection and opportunity, as comport with the health, comfort, welfare, and normal living of human beings according to present standards of civilization, considering his own means, earning capacity, and station in life." (Footnote omitted.) 41 Ohio Jurisprudence 2d (1960) 341, Parent and Child, Section 30.

In the instant case, Petrovic does not dispute the trial court's finding of paternity. Nor does Petrovic dispute the court's finding that Kulcsar is entitled to recover the value of the necessaries which she alone has provided for her children. The court order awards Betty Kulcsar the sum of $7,488 for the necessaries furnished to Constance for eighteen years and the sum of $7,280 for the necessaries furnished to Raymond for seventeen and one-half years. These amounts factor down to a mere $8 per week for each child, or slightly less than $1.15 per day per child.

Petrovic claims that this award is contrary to the manifest weight of the evidence. We must, however, disagree. It is true that Kulcsar presented no specific evidence of amounts expended, nor did she offer opinions, estimates or approximations of the value of the necessaries provided to Constance and Raymond. This does not mean, however, that the court's award must be reversed

as being against the manifest weight of the evidence.

There is evidence in the record to establish that Betty Kulcsar did furnish necessaries to the children. There is also evidence in the record from which the court could ascertain the family's economic circumstances, station in life, standard of living, and social position. Even in the absence of direct proof of value, the evidence contained in the record is sufficient to sustain such a minimal award for necessaries as made by the court. It is a matter of common knowledge that it costs money to raise and adequately provide for a child. An inference arises that the food, clothing, shelter, education, and medical services furnished to the children by the mother on a day-to-day basis for the duration of their minority involved the expenditure by the plaintiff of a certain, though undetermined, amount of money. In light of all the facts and circumstances presented in the instant case, we conclude that no direct evidence of value is required to support the court's nominal award of $1.15 per day in satisfaction of the father's obligation to provide his children with the necessities of life. We cannot, therefore, find that the judgment is against the manifest weight of the evidence. Accordingly, the assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and MAHONEY, J., concur.