THE STATE OF OHIO, UNIVERSITY OF CINCINNATI HOSPITAL, APPELLEE, *v.* COHEN, APPELLANT, ET AL.

(No. C-880249—Decided April 5, 1989.)

*David E. Stocker,* special counsel for the Attorney General, for appellee.

*McCaslin, Imbus & McCaslin* and *John K. Hurd,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The defendant-appellant, Jennifer Cohen, appeals from an order granting summary judgment in which the trial court awarded $245,206.50 in favor of the plaintiff-appellee, University of Cincinnati Hospital, but against Jennifer's parents and her for medical services furnished. Although not reflected in a journal entry, the amount claimed by the hospital under its judgment has been reduced to $221,274.17 since counsel agree that there was a mathe-

matical miscalculation. Jennifer's assignment of error, which contends that the trial court erroneously granted summary judgment, presents two issues: (1) whether her minority absolves her from liability for emergency medical services furnished to her by the hospital, and (2) whether her parents' agreement with the hospital to pay her medical expenses was an accord and satisfaction as to her. The answer is "no" to both questions.

Jennifer, who was seventeen at the time and supported by her parents, sustained serious injuries in an automobile collision. A helicopter transported her from the scene to the hospital for emergency treatment and care. Between September 14, 1985 and December 3, 1985, she accumulated charges of $221,274.17. Subsequently, Jennifer's mother executed an assignment to the hospital of all rights and benefits under her employer's hospital insurance plan.

After Jennifer reached the age of majority, the hospital brought this action against Jennifer and her parents, jointly. The hospital then moved for summary judgment. At the hearing on the motion, counsel for the hospital informed the trial judge that the parents and the hospital had entered into a settlement agreement, but that the hospital would proceed against Jennifer, who denied liability. Counsel for Jennifer argued that she did not contract with the hospital for the services furnished her, and that as a minor, she was not liable. Jennifer's parents have not joined in this appeal.

Ohio follows the common-law rule which provides that a minor's contracts, except for necessaries, are voidable at his or her option. *Hosler* v. *Beard* (1896), 54 Ohio St. 398, 43 N.E. 1040; *E. B. Delaney & Son[s]* v. *Jordan* (C.P. 1937), 9 O.O. 7, 24 Ohio Law Abs. 289, 1 Ohio Supp. 123. The liability-for-necessaries exception is not based on contract principles; rather, it stems from quasi-contract and unjust enrichment imposed at the time an implied contract for the reasonable value of necessaries furnished to the minor arises. 2 Williston on Contracts (1959), Sections 240-244. Since medical services constitute necessaries, a parent having custody of a child is likewise liable for the debt under an implied contract for the minor child's medical care because of the duty to support required by R.C. 3103.03. *Childrens Hosp. of Akron* v. *Johnson* (1980), 68 Ohio App. 2d 17, 22 O.O. 3d 11, 426 N.E. 2d 515; *Kulcsar* v. *Petrovic* (1984), 20 Ohio App. 3d 104, 20 OBR 126, 484 N.E. 2d 1365. If the parents fail or refuse to pay for emergency medical care furnished to save the minor's life, the provider hospital or physician may then look to the child for payment. *Cole* v. *Wagner* (1929), 197 N.C. 692, 150 S.E. 339, 71 A.L.R. 220. See, also, Annotation (1987), 53 A.L.R. 4th 1249.

Jennifer also contends that if she is liable for the hospital's charges for medical services despite her minority, her parents' settlement agreement with the hospital was an accord and satisfaction as to the debt.[1] A presumption that the hospital relied on

---

[1] Jennifer raises this issue for the first time in this court, which generally precludes review unless consistent with the theory of the case. See *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 24 O.O. 3d 316, 436 N.E. 2d 1001. However, since the settlement agreement underlying Jennifer's accord-and-satisfaction argument was not formalized or filed at the time of oral argument before the trial court, this contention will be addressed despite the fact that she did not advance it in the proceedings below.

32

the parents' credit for payment exists since Jennifer lived with her parents. Therefore, the relationship between Jennifer and her parents creates primary and secondary liability and the hospital must first look to the parents for payment. See 43 Corpus Juris Secundum (1978) 483, 485-486, Infants, Section 181. A compromise and settlement by parents, who are primarily liable, resulting from payment of a lesser amount in full satisfaction of an unliquidated claim constitutes an accord and satisfaction and discharges the debt of the minor who is secondarily liable. See *Gholson* v. *Savin* (1941), 137 Ohio St. 551, 19 O.O. 309, 31 N.E. 2d 858, 139 A.L.R. 75.

The terms of the parents' settlement agreement with the hospital negate an accord and satisfaction. Obviously, Jennifer did not intend to join in the settlement agreement with her parents since she consistently maintained that she was not liable to the hospital. More significant, however, is the rule that a liquidated debt or claim cannot be compromised by payment of a lesser sum unless there is consideration separate from the terms of the compromise and settlement. *Yin* v. *Amino Products Co.* (1943), 141 Ohio St. 21, 25 O.O. 136, 46 N.E. 2d 610.

In the case *sub judice,* Jennifer did not challenge the accuracy or reasonableness of the hospital's charges. Therefore, it is a liquidated debt. Furthermore, her parents' agreement with the hospital was not for payment of a lesser amount in satisfaction of its $221,274.17 claim. The agreement merely gave her parents a one-year grace period to pay on the balance, while also forgiving the interest during that period if they made two $50,000 payments within ninety days from execution of the agreement. The agreement did nothing but buy the parents more time to pay.

Finally, Jennifer did not satisfy her burden of proof for an accord and satisfaction since there is no evidence that her parents actually performed the terms of the agreement. Nothing was offered to suggest that the hospital intended to discharge Jennifer's debt in return for her parents' promise. *BancOhio Natl. Bank* v. *Abbey Lane Ltd.* (1984), 13 Ohio App. 3d 446, 13 OBR 536, 469 N.E. 2d 958. Therefore, the trial judge correctly granted the hospital's motion for summary judgment.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., UTZ and GORMAN, JJ., concur.