[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal by J.D. Ward, Appellant, from a judgment of the Court of Common Pleas of Putnam County awarding William J. Auchmuty, Appellee, $5,905.94 in damages in a negligence action.
Auchmuty brought suit against Ward in the common pleas court on January 24, 1997, seeking recovery for damages he sustained as a result of a two car accident in April of 1995. The case proceeded to a jury trial in March of 1998 on the issues of negligence and damages. At the conclusion of trial, the jury found that Ward negligently caused the accident with Auchmuty and awarded damages in the amount of $6,948.16. The jury further found that Auchmuty was comparatively negligent, assessing 15% of the responsibility for the accident to Auchmuty. Consequently, when entering judgment, the trial court reduced Auchmuty's total damages by that amount. Appellant now appeals this judgment, asserting two assignments of error.
Appellant argues that the trial court erred when allowing into evidence Exhibits F thru S which included a summary of medical bills/expenses and copies of the bills, for two reasons: (1) because Auchmuty, a minor at the time of the automobile accident, did not pay the bills nor did he incur the legal responsibility to pay them, and (2) because there was no testimony or evidence presented at trial as to the necessity, reasonableness or authenticity of the bills. We agree with Appellant that the judgment in this case must be reversed for the reason that Appellee was not legally responsible for paying his medical expenses because the expenses had been paid by his parent prior to trial. Thus, any claim for medical expenses belongs to Appellee's parent and not Appellee. See Grindell v. Huber (1971),28 Ohio St.2d 71.
It is undisputed that at the time of the accident, Appellee was a minor. Appellee's accident related medical expenses were also incurred during his minority. After reaching the age of majority, Appellee filed suit individually to recover the costs of these medical expenses; however, a claim for the recovery of medical expenses incurred for the treatment of a minor belongs to the parents of the minor, and not the child himself, notwithstanding his subsequent emancipation. Grindell, supra.
In Grindell v. Huber, the Supreme Court of Ohio held:
 Where a minor child sustains an injury allegedly as the result of negligence of a defendant, two separate and distinct causes of action arise: an action by the minor child for his personal injuries and a derivative action in favor of the parents of the child for the loss of his services and his medical expenses. (Paragraph three of the syllabus of Whitehead v. General Tel. Co., 20 Ohio St.2d 108, approved and followed.)
 Grindell, 28 Ohio St.2d at paragraph one of the syllabus; See, also, Blakeman v. Condorodis (1991), 75 Ohio App.3d 393;Physician Health Plan of Ohio v. Bowers (Nov. 25, 1997), Ross App. No. 96CA2239, unreported.
 * * * [T]he parent's cause of action for loss of services and medical expenses of the minor child, although derivative, does not arise by way of succession from an estate or interest of the minor child. The interest, as well as any possible recovery, * * * [is] solely that of the parents. Thus, the minor child and her parents are not in privity.
 Whitehead, 20 Ohio St.2d at 115 [Emphasis added].
The holdings in the aforementioned cases assume that a parent has paid or has taken responsibility for paying the medical expenses incurred by a minor child. This is a worthy assumption since it is commonly recognized that parents are primarily liable for the necessary medical expenses of the their minor children. See Univ. of Cincinnati Hosp. v. Cohen (1989), 57 Ohio App.3d 30,31-32. This is not to say that a minor may not be liable in contract for medical bills. A child may be liable for the reasonable value of the necessaries provided to him by another on quasi-contract and unjust enrichment theories. Id. However, this liability is secondary to that of the parents who are charged with the duty to support their minor child, in accordance with R.C.3103.03(A) and (D).[1] Children's Hospital v. Johnson (1980),68 Ohio App.2d 17, 19-20; Blakeman, 75 Ohio App.3d at 397.
In Blakeman v. Condorodis, the court found that the estate of a minor may not collect medical expenses associated with the minor's care as damages in a wrongful death action. The court determined that the parents had the right of recovery for these expenses, since the medical expenses were the obligation of the parents and not the estate of the child. Simply put, the child (or the child's estate) was not the real party in interest.
When making its determination, the court in Blakeman observed the following regarding a minor's liability for necessaries:
 "The liability of an infant for necessaries is * * * dependant upon whether or not he has an existing supply of necessaries, or parents and guardians who are able and willing to supply him with the necessities of life. The mere fact that the goods or services are in general considered necessaries does not make them necessary to the particular infant if he has already been supplied with them. * * * Moreover, even if all other tests of what is necessary are met it must appear that the goods or services were supplied on the credit of the infant and not of his parents, guardian or third person. Therefore, the mere fact that the creditor has supplied necessaries to the family unit of which the infant is a part does not render the infant liable unless he contracted for the necessaries. Thus, the liability, although quasi-contractual, requires that there be a contract with the infant."
 Blakeman, 75 Ohio App.3d at 397-398, quoting Calamari Perillo, Contracts (2 Ed. 1977) 247, Section 8-8. See, also, Cohen, supra.
In the case currently before this court, there is no evidence that the parents refused to pay the medical expenses or that the medical expenses were supplied on the credit of the minor. Rather, the record reveals that the medical expenses were in fact paid by Appellee's mother, the person primarily liable for their payment, prior to trial. Thus, Appellee's mother is possessed of a claim for Appellee's medical expenses. Appellee is not the real party in interest in an action to recover medical expenses for which he is not, nor ever will be, liable. Instead Appellee could only recover a claim for personal injuries. Grindell,supra.
To the extent provided above, we sustain Appellant's first assignment of error. Appellant's second assignment of error, challenging the admission of medical expense exhibits on the basis of no showing of necessity, reasonableness, or authenticity, is rendered moot.
The jury found $6,909.16 of the total damage award of $6,948.16 attributable to medical expenses. We find this amount was not recoverable by Appellee as he had no interest in a claim for medical expenses. Appellee's judgment for damages should be reduced by this amount by the trial court.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause with instructions to enter judgment for the Appellee in the amount of $33.15.
Judgment reversed, and cause remanded.
BRYANT and HADLEY, JJ., concur.
[1] R.C. 3103.03(A) obligates a parent to support a minor child "out of his or her own property or by his or her labor." More specifically, R.C. 3103.03(D) provides the following:
 If a parent neglects to support his or her minor child in accordance with this section and if the minor child in question is unemancipated, any other person, in good faith, may supply the minor child with necessaries for the support of the minor child and recover the reasonable value of the necessaries supplied from the parent who neglected to support the minor child.