DECISION AND JOURNAL ENTRY
Appellant, Rebecca Ralston, appeals an order of the Summit County Court of Common Pleas that granted summary judgment in favor of Appellee, John DiFiglio. We affirm.
Appellant and Appellee began cohabitating in 1984. On March 26, 1985, Samantha Ralston was born to Appellant and Appellee. Rachel Ralston was born to Appellant and Appellee on April 26, 1989. Appellant and Appellee ceased to live together after September 12, 1998. After October 1998, pursuant to an order of the Summit County Court of Common Pleas, Domestic Relations Division, Appellee began paying Appellant child support for Samantha and Rachel.
On February 8, 1999, Appellant filed a complaint in the Summit County Court of Common Pleas, naming Appellee as defendant. Appellant alleged claims for support and maintenance of Samantha and Rachel, predating the existence of a child support order, under a common law cause of action.[1] Appellee answered.
Appellee moved for summary judgment on July 26, 1999. Appellant responded in opposition on August 16, 1999. A trial was set for November 29, 1999, with a final pre-trial conference to be held on November 22, 1999.
On November 24, 1999, the Wednesday before Thanksgiving, Appellee filed a supplemental brief to his summary judgment motion in response to a question from the trial court at the pre-trial conference. On November 29, 1999, the Monday following Thanksgiving and the morning of the scheduled trial, the trial court granted Appellee's motion for summary judgment. Appellant timely appealed to this court.
Appellant asserts two assignments of error. We shall address each, beginning with the second assignment of error.
Assignment of Error II
 The trial court erred by granting appellee's summary judgment motion when appellee produced no evidence which was not fully rebutted by appellant's affidavit and appellant [sic, appellee] produced nothing that conclusively proved that he had provided child support and necessaries for the minor children of the parties.
 Appellant argues in her second assignment of error that the trial court should not have granted summary judgment in favor of Appellee. She contends that Appellee did not present sufficient evidence with his motion to warrant the granting of summary judgment. Her argument is not well taken.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
 Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491.
We conclude that the trial court correctly granted summary judgment in favor of Appellee because the trial court lacked jurisdiction over Appellant's claims.[2] Appellant filed her claims for support in the general division of the common pleas court. R.C. 2151.23(A)(11) states that
 [t]he juvenile court has exclusive jurisdiction * * * to hear and determine a request for an order for the support of any child if the request is not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation, a criminal or civil action involving an allegation of domestic violence, or an action for support brought under Chapter 3115. of the Revised Code [dealing with reciprocal enforcement of child support.]
 Appellant has not contended that any of the exceptions for "ancillary" support apply. Therefore, this action should have been pursued in the Juvenile Division of the Summit County Court of Common Pleas, which has exclusive original jurisdiction over such matters. The general division of the common pleas court was without jurisdiction to entertain Appellant's complaint. The second assignment of error is overruled.
Assignment of Error I
 The trial court erred by failing to schedule a hearing date for the summary judgment motion as required by Civil Rule 56(C) and failing to allow appellant time to respond to the supplement to the summary judgment motion by ruling upon it on on [sic] the Monday following a 4 day holiday weekend when the supplement was filed the afternoon prior to the holiday weekend.
 In her first assignment of error, Appellant presents two arguments. First, she argues that the trial court should have set a hearing date for Appellee's motion for summary judgment. Second, she asserts that the trial court was without authority to rule on the motion without permitting her to respond to Appellee's supplemental brief.
Appellant's first argument is without merit. This court stated in Brown v. Akron Beacon Journal Publishing Co. (1991),81 Ohio App.3d 135, 139, that a trial court is not required to set or hold a hearing prior to ruling on a motion for summary judgment. Rather, "the non-moving party is entitled simply to sufficient notice of the filing of the motion, Civ.R. 5, and an adequate opportunity to respond, Civ.R. 56(C)." Id. Both of these requirements were met in this appeal.
Appellant next complains that the trial court ruled on the summary judgment motion immediately after the Thanksgiving weekend, before permitting her to respond to Appellee's supplemental brief. However, assuming arguendo that the trial court's action was erroneous, we find that any error was harmless. See Civ.R. 61. The trial court lacked jurisdiction to entertain Appellant's complaint. Appellant was not prejudiced by her lack of opportunity to respond to the supplemental brief, which dealt with a different subject. The first assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY
FOR THE COURT BATCHELDER, P.J.
WHITMORE, J.
 CONCUR
[1] See Franklin v. Julian (1972), 30 Ohio St.2d 228, paragraph two of the syllabus; See, also, Kulcsar v. Petrovic (1984),20 Ohio App.3d 104, 105. Appellant's claims for support and maintenance are limited to necessaries. Id.
[2] The trial court granted summary judgment on the basis of factual differences between this court's decision in Kulcsar v.Petrovic and the case at bar. Those factual differences are not contained in this court's opinion in Kulcsar but are instead derived from the record of that case. The use of the record from our decisions to extract facts not found in the opinion is not an appropriate basis for distinguishing cases; however, we must affirm the judgment of the trial court if any valid grounds are found on review to support it. See State ex rel. Carter v.Schotten (1994), 70 Ohio St.3d 89, 92. Therefore, we decide this appeal on the basis of the trial court's jurisdiction.