DECISION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the judgment of the Franklin County Court of Common Pleas granting the application of defendant-appellee, Saeid Hadjarpour, to seal the record of his conviction for aggravated drug trafficking in violation of R.C.2925.03, a felony in the second degree. For the following reasons, we reverse.
{¶ 2} On September 5, 1986, defendant was indicted on two counts: (1) aggravated drug trafficking in violation of R.C. 2925.03, a felony in the first degree; and (2) aggravated drug trafficking in violation of R.C. 2925.03, a felony in the second degree. On March 11, 1987, defendant pled guilty to the second count of the indictment and was sentenced to a term of three to fifteen years of imprisonment.
{¶ 3} On April 17, 2002, defendant filed an application seeking to seal the record of his conviction, pursuant to R.C. 2953.32, which states that "a first offender may apply to the sentencing court if convicted * * * for the sealing of the conviction record * * * at the expiration of three years after the offender's final discharge if convicted of a felony." The state filed an objection to defendant's application on the ground that records of a conviction of a second-degree felony cannot be sealed. R.C. 2953.36(E) ("Sections 2953.31 to 2953.35 of the Revised Code do not apply to * * * [c]onvictions of a felony of the first or second degree.").
{¶ 4} In response to the state's objection, defendant argued that he committed his offense prior to the March 23, 2000 effective date of R.C. 2953.36(E) and, thus, this amendment did not apply to him. In part, the state countered this argument by asserting that the applicable statute was the statutory version in effect at the time defendant filed his application to seal the record, not the version in effect when defendant committed his offense. Accordingly, the state reasoned that defendant's record could not be sealed pursuant to R.C. 2953.36(E), which was in effect when defendant filed his motion. After accepting briefing and hearing oral argument on the issue, the trial court granted defendant's application and ordered that defendant's record pertaining to his conviction be sealed.
{¶ 5} On appeal, the state assigns the following error:
{¶ 6} "The trial court erred in granting the sealing of appellee's record where appellee was ineligible for expungement because he was convicted of a second-degree felony."
{¶ 7} By its only assignment of error, the state acknowledges that R.C. 2953.36 operates prospectively, not retroactively. However, the state asserts that the version of the statute in effect on the day that defendant filed his application to seal the record is the controlling statute. We agree.
{¶ 8} In State v. LaSalle, 96 Ohio St.3d 178, 2002-Ohio-4009, the Ohio Supreme Court resolved the issue now before this court. After concluding that R.C. 2953.36 was to be applied prospectively, the court addressed how to determine which version of the statutory law applies to applications to seal a conviction record. The court reasoned that the sealing of a record of conviction is a post-conviction remedy completely apart from the criminal action and, thus, "the statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." Id. at ¶ 19.
{¶ 9} Here, R.C. 2953.36(E) was in effect at the time defendant filed his application to seal the record. Therefore, we conclude that, pursuant to R.C. 2953.36(E), defendant's record of his second-degree felony cannot be ordered sealed.
{¶ 10} Defendant's only argument against this conclusion is unavailing. Defendant argues that the state cannot assert before this court that R.C. 2953.36(E) applies to the case at hand because the state failed to raise this argument with the trial court. BancOhio Natl. Bank v. Abbey Lane Ltd. (1984), 13 Ohio App.3d 446, 448 ("Ohio law is clear that questions not raised and determined in the court below cannot be considered by a reviewing court."). However, our review of the record reveals that the state did raise this argument in oral argument and written objections before the trial court.
{¶ 11} For the foregoing reasons, we sustain the state's single assignment of error and reverse the judgment of the Franklin County Court of Common Pleas.
Judgment reversed.
DESHLER and LAZARUS, JJ., concur.