OPINION
{¶ 1} This matter is before this court upon the appeal of Josephine Peters, appellant, from the judgment of the Ohio Court of Claims denying her claims against respondent, Ohio Department of Natural Resources ("ODNR") for terminating her employment after she failed to cooperate with an internal disciplinary investigation. Appellant sets forth the following two assignments of error on appeal:
I. The trial court erred in granting motion to dismiss counts I and II for defendant-Appellee, ODNR. The trial court erred in ruling that Plaintiff Peters' constitutional rights to due process and equal protection under the law, were not violated.
II. The trial court erred in rendering judgement in favor of Defendant-Appellee on all other counts.
 {¶ 2} Appellant had been employed for ODNR in the Division of Recycling and Litter Prevention ("DRLP") at the facility located at Fountain Square. It is undisputed that appellant's performance reviews for 1996 and 1997 indicate that she met the requirements for the job and was considered to be a satisfactory employee. However, on March 30, 1998, Kelly Armfelt, manager of the Public Information and Education Unit of ODNR, submitted a memo to Jenni Worster, chief of DRLP, describing several incidents involving herself and appellant which Armfelt believed needed to be addressed. At the same time, appellant made certain complaints about Armfelt and other employees. As part of an unofficial investigation, a mediation was scheduled for April 22, 1998 in an attempt to resolve the issues. Appellant refused to attend and participate in that mediation as she did not feel that there was anything to mediate. (Tr. 64.) On April 24, 1998, Armfelt filed a discrimination complaint with the Department of Administrative Services against appellant asserting that appellant had created a hostile work environment. On the same date, a formal investigation was authorized to review possible work rule violations and appellant was notified.
 {¶ 3} In connection with the formal investigation, appellant was assigned to work at another location, was informed that she was not to communicate with any personnel from DRLP, with the exception of her supervisor, and was told not to visit the Fountain Square location during the pendency of the investigation. Three other DRLP employees were also ordered not to communicate with appellant or with each other during the pendency of the investigation. Furthermore, appellant was ordered to undergo a psychological evaluation pursuant to Ohio Adm. Code 123:1-33-02
which provides that:
(A) An appointing authority shall request that an employee submit to a * * * psychological examination, conducted in accordance with rule123:1-33-01 of the Administrative Code, prior to involuntary disability separating the employee * * *.
 {¶ 4} On June 5, 1998, Armfelt withdrew her discrimination complaint on the basis that she perceived that the DRLP was handling the matter adequately and was addressing her concerns.
 {¶ 5} On June 9, 1998, an investigatory interview was scheduled. Appellant appeared, with counsel, and, on the advice of counsel, refused to answer any questions. By memorandum dated June 15, 1998, appellant was notified of a second investigatory interview scheduled for June 18, 1998. Attached thereto was a copy of Garrity v. New Jersey (1967),385 U.S. 493, 87 S.Ct. 616, cited by ODNR as authority compelling appellant to answer questions about possible misconduct as well as portions of the collective bargaining agreement concerning discipline and a memorandum informing appellant of the possible consequences of her continued refusal to cooperate with the investigation, including termination.
 {¶ 6} Prior to the second investigatory interview, a psychological examine was conducted by Dr. Jerold H. Altman. In his report, Dr. Altman concluded as follows:
This appears to be an administrative problem and should be handled as such. She gave me no reason to believe that she was incapable of performing her duties and again denied that there were any ongoing problems or difficulties with her employment.
 {¶ 7} Appellant attended the second investigatory interview, again with counsel, and again refused to answer any questions. On June 19, 1998, appellant filed an action in Federal Court against ODNR under Section 1983, Title 42, U.S. Code alleging ODNR wrongfully terminated her in retaliation for seeking the advise of legal counsel, ODNR failed to give her proper notice of an alleged work rule violation, ODNR improperly forced her to submit to a psychological evaluation, and ODNR improperly prohibited her from speaking to other government employees, in violation of her constitutional rights. On February 14, 2000, ODNR's motion for summary judgment was granted by the court and appellant's complaint was dismissed.
 {¶ 8} Following her refusal to answer questions at the second investigatory interview, Worster recommended that appellant be terminated from her employment for the following reasons:
The following work rules broken by Ms. Peters include Failure of Good Behavior, Neglect of Duty and Insubordination. Ms. Peters created a hostile work environment through intimidating actions, both verbal and non-verbal. These actions created tension, thus directly impacting the level of productivity for staff within the division. Ms. Peters exhibited inappropriate and adversarial behavior within the office during work hours, thus leading the division to request a medical examination to determine Ms. Peters' ability to complete her work. Ms. Peters failed to participate in the first scheduled examination, a violation clearly outlined in the Ohio Administrative Code Article/Section 123:1-33-02. Secondly, division and department personnel made two attempts to conduct an investigatory interview with Ms. Peters as part of the administrative investigation. Ms. Peters refused to cooperative [sic] in both interviews even following the reading of the ODNR Internal Investigation Warning (Garrity Warning).
 {¶ 9} Thereafter, appellant was notified concerning the recommendation that she be terminated and given notice that a hearing would be conducted on July 23, 1998 at which time she would be permitted to substantiate why she should not be terminated. Following the hearing, appellant was terminated from her employment with the DLRP of ODNR.
 {¶ 10} On May 19, 1999, a hearing was held on appellant's union grievance concerning her termination. The matter was submitted to arbitration. Ultimately, the arbitrator concluded that, although appellant's refusal to respond to questions during the two investigatory interviews did frustrate the legitimate interests of ODNR in connection with the investigation of alleged misconduct, appellant should not be terminated because her refusal to answer questions was based upon the advice of counsel. The arbitrator concluded that a six-month suspension was appropriate and ordered that appellant be reinstated to her formal position of employment with the DLRP of ODNR.
 {¶ 11} After appellant's federal action was dismissed, appellant filed a complaint in the Ohio Court of Claims on May 8, 2000, claiming violation of her constitutional rights to due process and equal protection, abuse of power, retaliation, race discrimination, and disability discrimination. The trial began on April 15, 2001. ODNR requested that appellant's claims be dismissed pursuant to Civ.R. 41(B)(2); however, the trial court reserved judgment on the motion pending post-trial briefing. On March 17, 2003, the court granted the motion to dismiss as to appellant's constitutional claims on the basis that the Court of Claims was without jurisdiction to consider claims for relief premised upon alleged violation of the Ohio or United States Constitutions. The court then rendered judgment in favor of ODNR on appellant's remaining causes of action. Specifically, with regard to her claim of retaliation, the court noted that two separate factfinders, a federal magistrate and an arbitrator, had previously determined that appellant was terminated solely because she failed to assist in the investigation into the alleged employee misconduct and that appellant had failed to prove that ODNR was motivated by retaliatory animus when it instituted disciplinary action against her. With regard to her racial discrimination claim, the court had found that appellant had failed to bring forth any direct evidence of racial discrimination. Although appellant was able to show that she was a member of a protected class, that she was discharged, and that she was qualified for the position, appellant did not present any evidence regarding the person who replaced her after she had been terminated. As such, the court found that appellant failed to present any credible evidence that ODNR discriminated against her based on her race. With regard to her claim for handicap discrimination, appellant alleged that ODNR perceived that she had a psychological disability and terminated her because of the perceived handicap. The court noted that appellant had failed to present any evidence that she was terminated because ODNR believed that she was under a mental health disability. The court specifically noted that, prior to her termination, Dr. Altman had issued a report indicating that appellant did not demonstrate any evidence of a psychiatric disorder and that there was no reason to believe that she was incapable of performing her duties. Concerning her allegations that ODNR exceeded its authority by requiring her to submit to a psychological evaluation, the court noted that claim had been previously raised as part of her federal action and that an employee's due process rights are not violated when the employer requires them to undergo a psychiatric evaluation. The court also noted that the Ohio Administrative Code provides that an employee can be required to submit to a medical or psychological examination in order to determine whether or not the employee is fit to perform the duties of the job. Furthermore, the court found that appellant had failed to prove that ODNR intentionally inflicted emotional distress upon her. Judgment was granted in favor of ODNR.
 {¶ 12} Thereafter, appellant filed a notice of appeal in this court. In her two assignments of error, appellant argues that the Court of Claims improperly dismissed counts I and II of her complaint which alleged that ODNR had violated her constitutional rights to due process and equal protection. Within the first assignment of error, appellant contends that she was the victim of malicious prosecution and that she presented sufficient evidence to prove her claims of "abuse of power" and "retaliation" for hiring an attorney. In her second assignment of error, appellant argues that her claims for race and handicap discrimination were improperly denied by the Court of Claims. For the reasons that follow, appellant's assignments of error are overruled.
 {¶ 13} In counts I and II of her complaint in the Ohio Court of Claims, appellant asserted that her constitutional rights to due process and equal protection of the law had been violated by ODNR's actions. However, as the trial court found, the Ohio Court of Claims is without jurisdiction to consider claims for relief premised upon alleged violations of either the Ohio or the United States Constitutions. R.C.2743.02 limits actions brought in the Court of Claims to those which could be brought between private parties. See Graham v. Ohio Bd. of Bar Examiners (1994), 98 Ohio App.3d 620. The constitutional violations alleged by appellant in this case require an element of state action and, therefore, could not be brought against a private individual. See Bleicher v. Univ. of Cincinnati College of Med. (1992), 78 Ohio App.3d 302. Because counts I and II sought compensation for violations of her constitutional rights, the Court of Claims properly dismissed those claims for lack of subject-matter jurisdiction.
 {¶ 14} On appeal, appellant asserts for the first time that ODNR subjected her to malicious prosecution. This cause of action was not pled in her complaint in the Court of Claims' action and was never raised at trial. Ohio law is clear that questions not raised and determined in the court below cannot be considered by a reviewing court. See Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207; and BancOhio Natl. Bank v. Abbey Lane Ltd. (1984), 13 Ohio App.3d 446, 448. Inasmuch as this argument was never raised in the trial court, appellant cannot now initiate a malicious prosecution claim on appeal.
 {¶ 15} Within her first assignment of error, appellant contends that she presented sufficient evidence to uphold claims of "abuse of power" and "retaliation." Initially, it is noted that no Ohio court has ever recognized the existence of the tort of "abuse of power." However, in addressing this issue, the Court of Claims noted that, in her federal court action, appellant had argued that ODNR had exceeded its authority by requiring her to submit to a psychological evaluation. The federal district court had noted that requiring an employee to undergo psychological evaluation does not violate the employee's due process rights. Furthermore, the Ohio Administrative Code states that an employee can be required to submit to a psychological examination in order to determine whether or not the employee is fit to perform the duties of the job. The code further indicates that failure of the employee to appear for the examination may constitute insubordination, punishable by the imposition of discipline up to and including removal. See Ohio Adm. Code123:1-33-01. Based upon the stipulated evidence and the testimony at trial, the court concluded that appellant had not shown that ODNR had abused its authority with regard to this matter. Upon review of the stipulated record and the transcript, this court concludes that the trial court did not err in its determination.
 {¶ 16} In addressing appellant's claim that she had been terminated from her employment in retaliation for her having obtained private legal counsel, the Court of Claims found that, based upon the evidence, appellant had failed to prove that ODNR was motivated by retaliatory animus when it instituted disciplinary action against her. Specifically, the court noted that both the federal court and the arbitrator determined that appellant had been terminated solely as a result of her failure to assist ODNR in its investigation into alleged employee misconduct. The Court of Claims again heard testimony from both appellant and Jenni Worster, the chief of DRLP, and reviewed the exhibits presented by the parties. The court concluded that the evidence presented by appellant did not demonstrate that she had been terminated in retaliation for having hired a private attorney. Instead, the evidence showed that she was terminated because of her refusal to cooperate with the investigation, specifically at the two investigatory interviews wherein appellant refused to answer any questions on the advice of counsel.
 {¶ 17} As such, appellant's first assignment of error is not well-taken and is overruled.
 {¶ 18} In her second assignment of error, appellant asserts that the trial court erred in rendering judgment in favor of ODNR on appellant's claims of race discrimination and handicap discrimination. R.C. 4112.02 provides, in relevant part, as follows:
It shall be an unlawful discriminatory practice:
(A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.
 {¶ 19} Ohio follows the federal standard in the area of discrimination law. Little Forest Medical Ctr. of Akron v. Ohio Civ. Rights Comm. (1991), 61 Ohio St.3d 607. Under the law, the plaintiff may provide direct evidence of discrimination or establish a prima facie case of discrimination indirectly by following the standard established in McDonnell Douglas Corp. v. Green (1973), 411 U.S. 792, 93 S.Ct. 1817; and Byrnes v. LCI Communication Holdings Co. (1996), 77 Ohio St.3d 125.
 {¶ 20} In the present case, appellant failed to offer any admissible evidence of direct discrimination. Therefore, as the trial court found, appellant was required to establish a prima facie case of discrimination by showing: (1) she belongs to a protected class; (2) she was qualified for the position that she held; (3) she was terminated despite her qualifications; and (4) she was replaced by someone outside the protected class. The establishment of a prima facie case of discrimination under McDonnell Douglas creates a presumption that the employer unlawfully discriminated against the employee. Texas Dept. of Community Affairs v. Burdine (1981), 450 U.S. 248, 101 S.Ct. 1089.
 {¶ 21} In the case before us, we agree with the trial court's finding that appellant failed to offer specific facts creating a genuine issue of material fact as to all the elements of a prima facie case of racial discrimination in the employment context. Appellant is an African-American woman, she was terminated from her employment, and she was qualified for the position that she held. However, as the trial court found, appellant failed to present any evidence regarding the person who replaced her after she had been terminated. As such, the trial court did not err in finding that appellant had failed to meet her burden of proof on her claim for race discrimination.
 {¶ 22} R.C. 4112.02(A) also prohibits an employer from discriminating against an employee due to a handicap. In Columbus Civ. Serv. Comm. v. McGlone (1998), 82 Ohio St.3d 569, the Ohio Supreme Court set out the elements for establishing handicap discrimination as follows:
To establish a prima facie case of handicap discrimination, the person seeking relief must demonstrate (1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question. Hazlett v. Martin Chevrolet, Inc. (1986), 25 Ohio St.3d 279, 281 * * *.
 {¶ 23} Even a non-handicapped employee is protected by the handicap discrimination laws if the employer perceived the employee as handicapped. Wiegerig v. Timken Co. (2001), 144 Ohio App.3d 664.
 {¶ 24} In order to prevail on her theory of perceived handicap, appellant had to show that ODNR considered her unable to carry out the daily duties of a Grants Coordinator 2. Although the record indicates that appellant was sent for a psychological evaluation, the report issued by Dr. Altman indicates that he considered appellant to be capable of carrying out her job duties. At the time that appellant was sent for the psychiatric examination, her superiors had begun an investigation regarding allegations of misconduct. Before appellant could have been placed on involuntary disability separation pursuant to Ohio Adm. Code123:1-33-02, ODNR was required to request that she submit to a psychological examination. The fact that she was sent for a psychological evaluation is not evidence that she was perceived to have a psychological handicap. As the trial court found, appellant failed to present any evidence that she was terminated because ODNR believed that she was under a mental health disability. As such, appellant's second assignment of error is not well-taken and is overruled.
 {¶ 25} Based on the foregoing, appellant's two assignments of error are overruled and the judgment of the Ohio Court of Claims is hereby affirmed.
Judgment affirmed.
Bryant and Brown, JJ., concur.