DUNSON ET AL., APPELLEES, *v.* ALDRICH, APPELLANT.

(No. 87AP-1005—Decided
September 22, 1988.)

*Delligatti, Hollenbaugh, Briscoe &
Milless* and *Charles K. Milless*, for appellees.

*Arthur H. Thomas, Jr.*, for appellant.

STRAUSBAUGH, J. This is an appeal by defendant from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, finding that defendant had admitted paternity of plaintiff's minor child and ordering defendant to pay plaintiff $1,200 per month as child support. The judgment was entered upon the report of the referee as modified, to which defendant had filed objections.

Plaintiff, Vickie E. Dunson ("plaintiff"), gave birth to plaintiff Matthew Paul Dunson on June 27, 1986. Plaintiff had initiated paternity proceedings in the trial court on June 20, 1986, alleging that defendant, William T. Aldrich, Jr., was the father of her then-unborn child. Defendant answered denying paternity. Subsequent to Matthew's birth, plaintiff filed an amended complaint on July 15, 1986 which joined the child as a party to the action and sought judgment establishing a father-child relationship, child support from the date of birth of the child until emancipation, judgment for expenses relative to the birth and delivery of the child, layette expenses and prenatal expenses, reasonable attorney fees, health insurance covering the child and a correction of the child's birth certificate reflecting that defendant was the father. Defendant again answered denying paternity. Subsequently, however, defendant filed an amended answer admitting paternity. Plaintiff then moved for judgment on the pleadings with regard to the parentage action on March 19, 1987.

Plaintiff's complaint for child support and expenses was referred to a referee of the court of common pleas. Following a hearing before the referee, a report and recommendation were filed on June 10, 1987. The referee found that plaintiff was a single mother and currently unemployed; that despite a degree in communications, her maximum annual income had been $17,000; that plaintiff's sole assets consisted of her furniture, a checking account balance of $300, and a savings account balance of $2,400; that plaintiff's prenatal uninsured expenses totaled $2,521.91; that plaintiff incurred monthly expenses, including rent, of $2,027.79, of which $997.34 was for Matthew's care; and that Matthew had no source of income. The referee's finding with respect to defendant indicates that defendant is a licensed medical doctor with a full-time solo practice as a psychiatrist; that defendant's total income for 1985 was $157,889 with a gross income of $89,757, adjusted gross income of $63,165, and a taxable income of $23,749, with a $10,000 tax liability; that defendant lived in a condominium which he was purchasing, and that he owned four investment condominiums as well as a thirty-foot sailboat; that defendant had two retirement plans,

including a Keogh plan worth approximately $120,000; that defendant had $73,000 in savings; and that defendant incurred monthly expenses of $9,615, of which his mortgage payments and retirement contribution were the major components.

The referee recommended that the trial court grant plaintiffs' Civ. R. 12(C) motion; that defendant pay plaintiff $1,200 per month as child support; that defendant pay $1,200 per month in back child support from the date of birth until the date of judgment, with credit for payments previously made; that defendant pay plaintiff for prenatal and layette expenses in the amount of $2,521.91; that plaintiff maintain health care insurance for the benefit of the child and that each party pay one half of any uninsured health care expenses; and that defendant pay court costs.

Defendant filed objections to the report and recommendation of the referee which were orally argued before the trial court. The trial court rendered a decision on October 14, 1987 which accepted the referee's findings and conclusions in all respects with the exception that the prenatal and layette expenses be reduced to $1,571.91. The matter was reduced to judgment in October 1987. Defendant's motion for stay of the order was granted provided that defendant post a $15,000 bond in a deposit interest-bearing account and upon commencement by defendant of the payment of $1,200 per month in child support. In response to defendant's motion for findings of fact and conclusions of law, the domestic relations court issued a written decision on November 3, 1987 adopting the findings of fact and conclusions, as modified, of the referee.

Defendant assigns the following as error for our review:

"1. The trial court erred to the prejudice of defendant/appellant and abused its discretion when it determined, contrary to plaintiff's own evidence, with respect to most of plaintiff's expenses, that one-half of those expenses be allocated to the child, and based the child support order on that assumption.

"2. The trial court erred to the prejudice of defendant/appellant and abused its discretion when pursuant to ordering defendant to pay child support herein, it did not consider defendant's obligation to pay child support from a previous marriage in an amount of $6,000.00 per year.

"3. The trial court erred to the prejudice of defendant/appellant and abused its discretion when it determined, pursuant to ordering defendant to pay child support herein, that defendant should pay $16,200.00 or more in attorney fees.

"4. The trial court erred to the prejudice of defendant/appellant and abused its discretion when it determined, pursuant to ordering defendant to pay child support herein, in violation of defendant's rights under the First Amendment of the United States Constitution, and Article I, Section 7 of the Ohio Constitution, that defendant should pay over $5,000.00 to plaintiff with respect to religious contributions.

"5. The trial court erred to the prejudice of defendant/appellant and abused its discretion when it ordered defendant to pay plaintiff's prenatal and layette expenses in excess of $618.19.

"6. The trial court erred to the prejudice of defendant/appellant and abused its discretion when it ordered defendant/appellant to pay a lump sum of $14,000.00 for back child support which was at least 500% greater than plaintiff's actual expenses.

"7. The trial court erred to the prejudice of defendant/appellant and abused its discretion by adopting the

report of the referee as its findings of fact and conclusions of law.

"8. The trial court erred to the prejudice of defendant/appellant and abused its discretion when it ordered him to pay child support of $1,200.00 per month."

Since the primary issue raised on appeal is the amount of child support awarded, the appropriate starting point for review is R.C. 3111.13. Specifically, subdivision (E) provides:

"In determining the amount to be paid by a parent for support of the child and the period during which the duty of support is owed, a court enforcing the obligation of support shall base the judgment or order of support upon the financial status of the parents and the father's ability to pay support, and shall consider all relevant facts, including, but not limited to, all of the following:

"(1) The needs of the child;

"(2) The standard of living and circumstances of the parents;

"(3) The relative financial means of the parents;

"(4) The earning ability of the parents;

"(5) The need and capacity of the child for education;

"(6) The age of the child;

"(7) The financial resources and the earning ability of the child;

"(8) The responsibility of the parents for the support of others;

"(9) The value of services contributed by the custodial parent."

This statute recognizes the right of children to paternal support and serves to compel the putative father to share the expenses of childbirth and child support. See *Wright* v. *Oliver* (1988), 35 Ohio St. 3d 10, 11, 517 N.E.2d 883, 885, fn. 1, citing *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186, 20 O.O. 3d 196, 421 N.E. 2d 124; and *Franklin* v. *Julian* (1972), 30 Ohio St. 2d 228, 59 O.O. 2d 264, 283 N.E.2d 813. An award fashioned pursuant to R.C. 3111.13(E) must contemplate both parents' financial status and the father's ability to pay. In making this award, we believe it is appropriate for the trial court to first ascertain the amount necessary to support the child, then to fashion an award which is reasonable in light of the factors listed in R.C. 3111.13(E). Cf. *Bright* v. *Collins* (1982), 2 Ohio App. 3d 421, 424, 2 OBR 514, 517, 442 N.E. 2d 822, 827. See, also, *Cheek* v. *Cheek* (1982), 2 Ohio App. 3d 86, 2 OBR 95, 440 N.E. 2d 831.

Defendant, by way of his first, second, third, fourth, fifth, sixth, and eighth assignments of error, essentially argues that the judgment of the domestic relations court was contrary to the manifest weight of the evidence or unsupported by any evidence at all and was an abuse of discretion. More particularly, in his first assignment of error, defendant asserts that the blanket finding by the court that one half of plaintiff's monthly expenses could be attributed to the existence of the child is clearly contrary to the evidence, since no evidence was produced as to how the child accounted for half of certain expenses which totaled $520.83. In making this assertion, defendant contends that although certain items were appropriately allowed, the trial court erred in allocating one half of plaintiff's utility, laundry, automobile, medical, and renter's insurance expenses.

While defendant is correct in observing that plaintiff failed to adduce specific evidence as to the exact amount allocable to Matthew, such a standard would doubtless be impractical to meet in most circumstances. Rather, it is not unreasonable to assume, in the absence of evidence to the contrary, that one half of plaintiff's *necessary* monthly expenses are incurred on behalf of Matthew. The trial

court did not abuse its discretion in concluding that one half of the allowed monthly expenses were necessary for Matthew's support. More importantly, given defendant's superior financial status and ability to pay, the amount awarded for these expenses cannot be said to be unreasonable. Cf. *Kulcsar* v. *Petrovic* (1984), 20 Ohio App. 3d 104, 105-106, 20 OBR 126, 127, 484 N.E. 2d 1365, 1366. The first assignment of error is overruled.

As his second assignment of error, defendant contends that the trial court failed to consider his support obligation of $500 per month which arose by virtue of a prior marriage. We disagree.

The referee specifically found that defendant's monthly expenses were set forth in "plaintiff's exhibit #3." This exhibit included the $500 support obligation as well as defendant's other monthly expenses. Although the referee found that certain of defendant's expenses constituted his major outlays for each month, such finding does not indicate that the referee failed to consider defendant's $500 monthly support payments. Rather, this finding is merely a recognition that defendant had certain monthly expenses which represented over one half of his total monthly expenditures. The evidence concerning defendant's support obligation was before the trial court and, absent evidence to the contrary, we must presume that the court properly considered that evidence in fashioning the award. The second assignment of error is overruled.

Defendant next contends, under his fourth assignment of error, that the trial court erroneously included in its support order a $25 monthly expense which represents one half of plaintiff's church donations. It is defendant's position that this portion of the order is contrary to plaintiff's testimony and impinges on defendant's First Amendment rights.

As to defendant's first contention regarding plaintiff's testimony, the record reflects that plaintiff stated she was not currently donating $50 per month to her church because she was then unemployed. Plaintiff testified, however, that she planned to increase her donations once she began work in her new position. As such, plaintiff's testimony indicates that she normally incurs this expense.

With respect to defendant's claim that the support order constitutes compulsion by the state to support a religious organization in contravention of the Constitutions of Ohio and the United States, we must disagree. Defendant's argument does not invoke the Free Exercise Clause of the First Amendment, since there is no evidence that the support order burdens any religious practice or belief to which defendant adheres. Rather, defendant's claim is premised on the Establishment Clause. Cf. *In re Landis* (1982), 5 Ohio App. 3d 22, 23-25, 5 OBR 24, 24-27, 448 N.E. 2d 845, 846-849. However, as this court has previously held, a support order which includes an agreement between the parties regarding the religious education of minor children does not violate the Establishment Clause of the First Amendment. See *Landis, supra,* at 26-28, 5 OBR at 28-30, 448 N.E. 2d at 849-851; see, also, *Rand* v. *Rand* (1985), 18 Ohio St. 3d 356, 18 OBR 415, 481 N.E. 2d 609, syllabus. This same result obtains where, as here, the party providing support has not agreed to make such payments, but is ordered to do so by the domestic relations court. See *Chrnko* v. *Chrnko* (May 7, 1987), Cuyahoga App. No. 52103, unreported, at 3-4. Therefore, to the extent that an expense is incurred due to a custodial parent's decision to raise a minor child in a particular religion, a

support order which includes such expense does not impinge upon rights guaranteed by the Establishment Clause of the First Amendment.

A more vexatious problem is present, however, with respect to the trial court's inclusion of plaintiff's church donations as expenses incurred on behalf of Matthew. While it is reasonable to assume, absent evidence to the contrary, that one half of a parent's ordinary expenses for food, shelter, clothing, transportation and so forth are expended for the support of a minor, there is no such presumption with respect to extraordinary expenses such as religious or charitable donations. While a portion of such expenses may be attributable to the child's support (*e.g.*, for child care or education provided by the church), these discretionary expenditures must be supported by evidence which tends to establish that the expenses are incurred on behalf of the child. See *In re Dissolution of Marriage of Riga* (Sept. 18, 1986), Franklin App. No. 86AP-249, unreported, at 7.

Here, there is no evidence to support the trial court's award of $25 per month in church donations as necessary for Matthew's support. An error of a like amount is also present with respect to the expenses plaintiff incurred for vacations. Thus, plaintiff failed to establish that $50 of these expenses were necessary for Matthew's support at a level consistent with the parties' standard of living. Defendant's fourth assignment of error is sustained only to the extent that these expenses were allowed as child support.

Defendant next contends, under his fifth assignment of error, that the trial court erred in ordering him to pay plaintiff's prenatal and layette expenses in the amount of $1,571.91. Specifically, it is defendant's position that plaintiff was entitled to only $589.44 for furniture and linens, as well as $28.75 which plaintiff incurred as uninsured medical costs. Defendant contests the $753.72 awarded for maternity clothing as duplicative of what plaintiff normally spent for clothes and the $200 awarded for Matthew's clothing as a duplication, since Matthew's clothes allowance was provided for in the support order.

Neither of defendant's contentions is well-taken. While it may be true that plaintiff would normally have incurred more than $753.72 in clothing expenses for the period of her pregnancy, it is equally clear that the money would not have been spent on maternity clothing. The fact that plaintiff expended this amount on maternity clothes corresponds to a loss of an equal amount from her normal clothing allowance. As to the $200 awarded for Matthew's clothing, this amount represents only the money plaintiff spent prior to Matthew's birth. The support order, on the other hand, covers those expenses incurred subsequent to Matthew's birth. See R.C. 3111.13(C) and (E); cf. *Baugh* v. *Carver* (1981), 3 Ohio App. 3d 139, 3 OBR 157, 444 N.E. 2d 58. Thus, there is no duplication. The fifth assignment of error is overruled.

As his sixth assignment of error, defendant argues that the $10,200 lump-sum award for back child support was contrary to plaintiff's testimony. That testimony indicates that plaintiff's actual expenses for the period were substantially lower than her future expenses. As such, defendant argues that the trial court erred in merely multiplying the $1,200 monthly award for future support by the number of months (twelve) since Matthew's birth, less the $4,200 defendant had paid previously. In defendant's estimation, plaintiff's testimony would support an award of only $200.74 per month or $2,408.88.

This court has previously held that: "* * * In the absence of a specific finding that the equitable amount that defendant should pay toward the support of the child has not varied since the birth of the child, it is inappropriate to utilize the current finding as to appropriate child support and arbitrarily determine the amount due for support since the birth of the child by multiplying the number of weeks involved by the current child support amount where a period of over four years is involved. * * *" *Henry* v. *Miller* (Oct. 23, 1984), Franklin App. No. 83AP-894, unreported, at 7-8.

This same principle is applicable to the instant case, although the time period for which defendant is liable is only one year.

Here, plaintiff testified that she did not rent an apartment for July and August 1986. Moreover, plaintiff testified that her babysitting expenses and church donations were calculated based upon the period for which she was employed, but did not accurately reflect her actual expenditures for the entire twelve-month period because she was unemployed for seven months and did not incur these expenses during that period. Inasmuch as there is no evidence that plaintiff's unemployment was related to her pregnancy, there is no basis to assume that these expenses would have arisen but for her pregnancy. However, contrary to defendant's assertions regarding plaintiff's hospitalization expenses, that expense was incurred for approximately eleven of the twelve months since Matthew's birth and was properly allowed.

In light of these facts, the trial court overestimated the amount actually needed to support Matthew for the twelve-month period. As such, we cannot say under the circumstances that the lump-sum award represents an equitable amount for which defen-

dant should be liable. Accordingly, the sixth assignment of error is sustained to the extent that the trial court erroneously included the above-mentioned expenses in ascertaining the amount actually necessary to support Matthew for the twelve months subsequent to his birth. The trial court is instructed to recompute the amount based upon the evidence introduced relative to the expenses actually incurred for Matthew's support.

Under the third assignment of error, defendant asserts that the trial court abused its discretion by ordering defendant to pay child support which included attorney fees of $75 per month. Since that amount would equal $16,200 by the time Matthew attains majority, defendant maintains that this order is clearly contrary to the evidence adduced regarding plaintiff's legal fees. It is defendant's position that the domestic relations court is not empowered by R.C. Chapter 3111 to assess attorney fees in a paternity proceeding.

While the Uniform Parentage Act includes attorney fees as a portion of the costs which may be awarded in a filiality proceeding, the Ohio version of the Uniform Parentage Act excludes attorney fees. Compare R.C. 3111.14 with Section 16, Uniform Parentage Act. As such, it was apparently the intention of the General Assembly to exclude attorney fees from an award fashioned by the domestic relations court under R.C. Chapter 3111. Although Ohio courts may award attorney fees as a component of a support award sought in a modification or enforcement proceeding pursuant to R.C. 3109.05, *Blum* v. *Blum* (1967), 9 Ohio St. 2d 92, 38 O.O. 2d 224, 223 N.E. 2d 819, and *Hummer* v. *Hummer* (Aug. 28, 1986), Franklin App. No. 86AP-293, unreported, the parties have cited no case authority which allows attorney fees as a component of

an original order for child support.[1] Accordingly, the third assignment of error is sustained.

Defendant's final assignment of error contests the monthly award of $1,200 as an abuse of discretion. The bases for this assertion are defendant's contention that the award was twenty percent greater than Matthew's actual needs and that the trial court considered only defendant's gross income, rather than his "disposable" income.

Contrary to defendant's assertions regarding the ability of the domestic relations court to award future support in excess of a child's actual needs, R.C. 3111.13(E) contemplates factors other than actual need in assessing what is "necessary" for a minor's support. See *Kulcsar, supra,* at 105, 20 OBR at 127, 484 N.E. 2d at 1366. Among those factors are the parents' standard of living, the relative financial means of the parents and the value of services rendered by the custodial parent.

Here, the evidence indicates a gross disparity in the financial means of plaintiff as compared to that of defendant. Plaintiff is the sole custodian of Matthew. Moreover, it is beyond dispute that defendant enjoys a much higher standard of living than does plaintiff. Defendant is the owner of a condominium, whereas plaintiff rents; defendant owns four investment condominiums, a large sailboat, and makes substantial contributions to his retirement plan, all of which result in major tax benefits, while plaintiff has only a modest savings account; and defendant has an earning capacity in excess of $150,000 as compared to plaintiff's maximum income of $17,000. Given these factors, this court cannot conclude that the order of $1,200 per month for Matthew's future support is so beyond his needs as to constitute an abuse of discretion.

As to defendant's argument regarding the trial court's reliance on his gross income versus his "disposable" income, we find no error. The trial court noted defendant's gross income, adjusted gross income and net income, but did not further indicate which figure it utilized in finding that defendant had the ability to pay support. However, since the trial court had before it only plaintiff's gross income, it would have been appropriate to consider defendant's gross income as well. The award, when viewed in light of the parties' gross incomes, defendant's ability to pay and Matthew's needs, was not unreasonable. Although not applicable to the instant case, it should also be noted that the new support guidelines promulgated by the Supreme Court of Ohio refer to the parties' gross income in calculating child support. C.P. Sup. R. 75(C)(1) and (H).

In any event, because this court has found that the support order erroneously included attorney fees, church donations and vacation expenses, the support order has been reduced by $125 per month. Thus, the order is less than ten percent in excess of the amount *actually* necessary for Matthew's support. Cf. C.P. Sup. R. 75(B). The eighth assignment of error is overruled.

Finally, defendant asserts under his seventh assignment of error that the trial court abused its discretion when it failed to make separate find-

---

[1] To the extent that attorney fees incurred by a minor child are necessaries for his support, equal protection considerations may require this state to allow such fees in any original order for support, regardless of the child's status. However, since this issue was neither advanced nor argued by the parties, we decline to address this concern here. Cf. *Jelen* v. *Price* (1983), 9 Ohio App. 3d 174, 177-178, 9 OBR 284, 288, 458 N.E. 2d 1267, 1271.

ings of fact and conclusions of law pursuant to defendant's Civ. R. 52 motion, but instead merely issued an order adopting the findings and conclusions of the referee. Since this court has previously addressed and rejected such arguments, this assignment of error is without merit and is overruled. See *Novel* v. *Novel* (Dec. 31, 1987), Franklin App. No. 87AP-515, unreported, at 3-4; and *Davis* v. *Davis* (Aug. 22, 1985), Franklin App. No. 84AP-1131, unreported, at 6.

Defendant's first, second, fifth, seventh and eighth assignments of error are overruled, while the third assignment of error is sustained. The fourth and sixth assignments of error are sustained to the extent stated. The judgment of the Franklin County Court of Common Pleas, Domestic Relations Division, Juvenile Branch, is, therefore, affirmed in part and reversed in part. This cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment affirmed in part, reversed in part and cause remanded with instructions.*

McCORMAC and BROWN, JJ., concur.

WILLIAM F. BROWN, J., retired, of the Coshocton County Court of Common Pleas, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.