SUTHERLAND, Appellee,

v.

SUTHERLAND; Michalek, Appellant.

[Cite as *Sutherland v. Sutherland* (1989), 61 Ohio App.3d 154.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–589.

Decided April 4, 1989.

*Luper, Wolinetz, Sheriff & Neidenthal, Pamela J. Bertram* and *Marya C. Kolman,* for appellee Thomas Sutherland.

*Rexann Hosafros,* for appellee Myra Sutherland.

*Mark A. Michalek, pro se.*

*A. Patrick Hamilton,* guardian ad litem.

PEGGY L. BRYANT, Judge.

Defendant-appellant, Mark A. Michalek ("defendant"), appeals from a judgment of the Franklin County Common Pleas Court, Division of Domestic Relations, finding that defendant is the father of the minor child, Grant B. Sutherland, and assessing against defendant the costs, expenses of genetic testing, guardian ad litem fees, and attorney fees arising out of this parentage action.

In May 1987, plaintiff-appellee, Thomas E. Sutherland ("plaintiff"), filed a complaint in the domestic relations court contending that defendant, and not plaintiff, is the natural father of Grant B. Sutherland, born during the term of plaintiff's marriage to defendant-appellee, Myra L. Sutherland. At the request of the court-appointed guardian ad litem of the child, plaintiff, defendant, and Myra Sutherland, all agreed to submit to blood testing. Although plaintiff agreed to pay the initial cost of the tests, he requested that these costs ultimately be taxed as costs on the final resolution of the case.

All parties agreed in writing to undergo HLA blood tests "as soon as possible thru N.P.L. in Dayton, Ohio." The results of the HLA testing revealed that plaintiff can be excluded as father of Grant B. Sutherland; that defendant cannot be excluded; and that a 99.97 percent probability exists that defendant is indeed the father of the child.

Defendant refused to admit parentage, and the matter was tried. The trial court found defendant to be the father of Grant B. Sutherland, and charged to defendant the guardian ad litem fees, plaintiff's attorney fees, the costs and expenses for drawing the blood, and the expert witness fees. Defendant appeals therefrom and sets forth two assignments of error:

"1. The court of common pleas, division of domestic relations committed error and abused its discreton [sic] in ordering third party defendant to pay attorney fees to plaintiff and guardian ad litem contrary to RC 3111.14.

"2. It was an abuse of discretion upon the part of the trial judge with the order of the court being excessive and with the appearance of having been given under the influence of passion or prejudice for the court to order third party defendant-appellant to be totally responsible for payment of plaintiff-appellees [sic] attorney fees, guardian ad litem fees, costs and expenses of drawing blood with Inner City Laboratories, performance of blood tests by National Paternity Laboratories and expert witness fees for plaintiff-appellees [sic] witnesses."

Inasmuch as defendant's two assignments of error are interrelated, we consider them jointly.

■ Defendant first argues that the trial court abused its discretion by ordering defendant to pay plaintiff's attorney fees. More particularly, defendant asserts that the trial court had no authority under R.C. 3111.14 to assess attorney fees in a paternity proceeding.

While the Uniform Parentage Act includes attorney fees as a portion of the costs which may be awarded in a parentage proceeding, the Ohio version of the Uniform Parentage Act *excludes* attorney fees. Cf. R.C. 3111.14 with Section 15, Uniform Parentage Act. As previously decided by this court, "it was apparently the intention of the General Assembly to exclude attorney fees from an award fashioned by the domestic relations court under R.C. Chapter 3111." *Dunson v. Aldrich* (1988), 54 Ohio App.3d 137, 561 N.E.2d 972. In accordance with the foregoing, we sustain defendant's assignments of error to the extent he contests the trial court's order requiring defendant to pay plaintiff's attorney fees.

Defendant next contends that guardian ad litem fees, costs and expenses of the HLA blood tests, and expert witness fees were erroneously taxed to him. Although defendant does not contest the finding of paternity, he claims that plaintiff created the expert witness fees and the HLA testing costs, and hence plaintiff should bear that expense. Further, defendant contends that the trial court erroneously required him to pay the guardian ad litem fees, since the guardian ad litem presented no evidence showing his fees to be reasonable. Finally, defendant claims that he did not request appointment of a guardian ad litem, that the guardian ad litem has performed little or no legal services, and that any services the guardian ad litem rendered should have been *pro bono*.

■ In assessing whether the trial court abused its discretion, we note that an abuse of discretion is more than an error of law or judgment; it involves an attitude of the trial court which is unreasonable, arbitrary, or unconscionable. *Mahan v. Mahan* (June 30, 1988), Franklin App. No. 87AP–834, unreported, 1988 WL 70488; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

■ Applying the foregoing to the assessment of the remaining costs, fees and expenses herein, we note that R.C. 3111.14 states:

"The court may order reasonable fees for experts, and other costs of the action and pretrial proceedings, including genetic tests, to be paid by the parties in proportions and at times determined by the court. The court may order the proportion of any party to be paid by the court, and, before or after payment by any party or the county, may order all or part of the fees and costs to be taxed as costs in the action."

Thus, it is within the trial court's sound discretion to award costs, genetic testing expenses, and expert witness fees to the prevailing party. Defendant does not claim that the expert's fees were unreasonable, he merely states that an expert from Columbus would "be less expensive than one from Dayton." While that factor may be a consideration for the trial court in determining the reasonableness of the costs to be assessed in this action, that factor alone does not demonstrate an abuse of discretion in the trial court's order.

In assessing the propriety of the trial court's order relative to the award of guardian ad litem fees, we note initially that although such fees are not expressly mentioned in R.C. 3111.14, the statute allows the court to tax "reasonable fees for experts, and other costs of the action." To determine whether the guardian ad litem fees herein fall within the parameters of R.C. 3111.14, we first consider whether those fees were a necessary litigating expense. See, *e.g.*, *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 2 OBR 542, 442 N.E.2d 791. A primary factor in that determination is whether the guardian ad litem fees were so vital to the case that they may not be considered a mere personal expense, but must be treated as necessary. *Reed v. Pace* (Apr. 18, 1985), Cuyahoga App. No. 48612, unreported, 1985 WL 7978.

In most paternity actions, the guardian ad litem plays a significant role: representation of the child to protect the child's interest in the outcome of the proceedings. Herein, the guardian ad litem's role was particularly significant, given the somewhat tortured path the litigation has taken, including the numerous restraining and contempt orders. Further, contrary to defendant's contention, the guardian ad litem sufficiently proved his fees. Cf. *Ward v. Ward* (June 18, 1985), Franklin App. No. 85AP–61, unreported, 1985 WL 10335. Nor are we persuaded, as defendant contends, that the guardian ad litem should have rendered his services at no cost. In the final analysis, we find no abuse of discretion in taxing the guardian ad litem fees as fees under R.C. 3111.14.

Finally, even if expert witness fees and the guardian ad litem fees were properly taxed to the parties, defendant contends that the trial court abused its discretion in requiring defendant to pay all costs and expenses of this action, as well as the expert and guardian ad litem fees. Essentially, defendant suggests that the trial court taxed all costs and expenses to him in retribution for defendant's insistence on a trial of this action.

In reviewing the file, we find that in trial defendant presented the court with no basis for any conclusion other than that reached: defendant is the father of Grant Sutherland. More specifically, defendant presented no basis to cross-examine plaintiff's expert witness, and hence was unable to impeach the results of the genetic testing. Further, defendant presented no evidence

to rebut plaintiff's case. In short, all the evidence demonstrated defendant to be the father. Indeed, defendant admitted in his own testimony that he is the father and always believed himself to be the father; that he had no quarrel. with the results of the genetic testing. Typically, trial courts award costs, fees and expenses to the prevailing party; and we see nothing in this case to support defendant's contention that the trial court's doing so in this action rises to the level of an abuse of discretion. While the trial court does cite in its opinion defendant's refusal to admit parentage and the consequent need for a trial, that portion of the opinion simply delineates why the trial court deemed it unfair to assess costs against the prevailing party. In short, the trial court's decision to assess costs against defendant was within the bounds of its discretion.

Given the foregoing, defendant's assignments of error are sustained in part and overruled in part, as set forth above. The judgment of the trial court is affirmed in part and reversed in part; and this matter is remanded to the trial court for entry of judgment consistent herewith.

*Judgment affirmed in part*
*and reversed in part;*
*cause remanded.*

REILLY and COX, JJ., concur.

DONALD A. COX, J., of the Court of Common Pleas of Gallia County, sitting by assignment.