This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Stephen Ilius timely appeals the decision of the Medina Court of Common Pleas, Domestic Relations Division, modifying its prior child support order. We affirm.
 I.
Stephen and Veronica were married in 1979 and divorced in 1989. They had one child. In February, 1995 the Medina County Child Support Enforcement Agency ("CSEA") began an administrative review to determine if Stephen's child support order should be modified. Prior to that time, Stephen's employment had been erratic, and he was primarily supported by the wages earned by his new wife. At a September 19, 1995 administrative adjustment hearing, CSEA determined that Stephen's sole source of income was from his used car business, which was not a money-making venture. The agency determined that Stephen was voluntarily underemployed and that it was reasonable to impute to Stephen earnings of $16,800 per year, based on his past earnings record. This imputed income resulted in a child support obligation of $245.39 per month, to which the agency added $15.00 per week for arrearages. Stephen then requested a hearing before the Domestic Relations Court magistrate, and a hearing was held on the issue on January 30, 1996.
On February 8, 1996 the magistrate issued a proposed decision that found the CSEA determination to be reasonable, based on Stephen's testimony about his employment and earnings history. Stephen filed objections to the magistrate's decision, and the trial court overruled the objections and adopted the magistrate's decision on April 10. Stephen appealed the trial court's May 31 judgment entry, challenging both the validity of imputing $16,800 of income to him and the trial court's failure to complete the requisite child support worksheet pursuant to R.C. 3113.215. This Court held that the trial court's failure to complete the worksheet was reversible error, and we held that the issue of imputed income was moot at that time. Ilius v. Lewis (Mar. 5, 1997), Medina App. No. 2571-M, unreported, at 2-3, citing Markerv. Grimm (1992), 65 Ohio St.3d 139, paragraph one of the syllabus and Smith v. Collins (1995), 107 Ohio App.3d 100, 102.
On remand the magistrate held a hearing on July 7, 1997 for purposes of completing the worksheet. Stephen appeared at the hearing pro se and asked to be allowed to submit additional evidence regarding his income. The magistrate denied this request and on July 30 issued a proposed decision, which adopted the earlier magistrate's decision dated February 8, 1996 and the trial court's findings dated April 10, 1996. Stephen filed objections to the magistrate's July 30, 1997 decision, asserting that he should have been permitted to submit additional evidence as to the issue of imputed income.
 The trial court held a hearing on the objections on October 22, 1997 and on that same day issued an order adopting the magistrate's decision. On October 30, Stephen requested that the trial court issue findings of fact. In its judgment entry of December 5, the trial court adopted the magistrate's decision of July 30 and its own findings dated October 22. In it's December 8, judgment entry the trial court further adopted "as the Findings and Decision in this matter" the findings and decisions initially issued by the magistrate on February 8, 1996. The December 8, 1997 entry declared Stephen's request for findings of fact and conclusions of law "moot." The trial court then ordered Stephen to pay child support of $245.39 per month plus arrearages, retroactive to February 1, 1995.
Stephen filed the instant appeal, in which he challenges the court's denial of a new evidentiary hearing and the failure of the trial court to issue new findings of fact and conclusions of law. We will consider his assignments of error in turn.[1]
 II.
ASSIGNMENT OF ERROR:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO CONDUCT AN EVIDENTIARY HEARING DURING WHICH THE PARTIES COULD PRESENT EVIDENCE AS TO THEIR RESPECTIVE INCOMES SO THAT THE CHILD SUPPORT WORKSHEET COULD BE PREPARED BASED ON CURRENT AND ACCURATE INFORMATION.
 Stephen, in his assignments of error, argues both (1) that the magistrate, at the 1997 hearing after remand, should have allowed evidence of the parties' then-current income, and (2) that at that hearing Stephen should have been allowed to challenge the magistrate's imputation of $16,800 income to him in 1996. Neither argument can succeed. We address his first argument here.
Stephen proposes that the magistrate at the July 1997 hearing, held for the purpose of completing the required worksheet of 1995 income and support figures, should have allowed the parties to update their financial picture before the court ordered any modification of child support.
In our decision on Stephen's first appeal, this Court ordered the trial court on remand to complete the child support worksheet. On remand, the trial court must proceed from the point at which the error occurred. State, ex rel. Stevenson v. Murray (1982),69 Ohio St.2d 112, 113, citing Commrs. of Montgomery Co. v. Carey
(1853), 1 Ohio St. 463. The initial motion for modification in 1995 asked the court to reconsider both parents' ability to provide financial support at that time. The trial court's decision, the appeal, the remand, rehearing, and the December 1997 decision of the trial court, all follow from a single cause of action based on the 1995 motion for modification. This action had as its only focus the issue of the relative abilities of both parents to support their child in 1995. The ultimate child support order issued by the trial court was retroactive to February 1, 1995, when the motion for modification was first filed. This order would properly remain in effect until one of the parties filed a motion for further modification. At no time in the proceedings below was the trial court in this matter obliged or even permitted to focus on any issue beyond the 1995 incomes of the parents.
It appears from his brief that Stephen believes that a change of circumstances has occurred between the January 1996 and the July 1997 magistrate's hearings which renders the imputation of income no longer fair and equitable. However, after remand from this Court, that issue was not properly before the trial court. Nor is that issue appropriately before this Court. This assignment of error is overruled.
 III.
ASSIGNMENT OF ERROR:
 THE TRIAL COURT SHOULD HAVE HELD A HEARING OR DIRECTED THE MAGISTRATE TO HOLD A HEARING ON THE VALIDITY OF THE NUMBERS USED ON THE CHILD SUPPORT WORKSHEET.
Here Stephen maintains that the trial court violated his due process rights in 1997 when it refused to allow him to introduce new evidence as to his income as it existed at the time of the January 1996 magistrate's hearing. He also argues that he cannot determine from the record "the factual basis for the trial court's reliance on that hearing" in formulating its 1997 decision. We find both propositions to be without merit, for the following reasons.
As to the basis for the trial court's decision, we find that the record below sufficiently outlines the court's factual findings, as we discuss further in the next section. Stephen states that the trial court's 1997 decision was based on "what supposedly transpired" at the January 30, 1996 hearing, for which there was no transcript. However, Stephen was present at the hearing, along with his counsel. The magistrate's initial proposed decision was journalized one week after the hearing. That decision, which imputed income to Stephen, contained very specific findings as to Stephen's ability to earn the income imputed to him, based on Stephen's testimony at the hearing. Stephen then filed objections to the magistrate's decision and the trial court overruled his objections. We see no reason why Stephen could not discern from the record the factual basis for the trial court's decision.
As to his desire to adduce new evidence, Stephen had the opportunity to present evidence at the magistrate's hearing on January 30, 1996. He was present at the hearing and was represented by counsel. Although he appears to argue otherwise, we must presume that prior to the January 1996 hearing Stephen was well aware of the facts and issues to be considered by the magistrate at that hearing. The imputed income of $16,800 was the same figure that had been generated by CSEA in its September 1995 administrative review hearing. The same justification for that figure was presented at the administrative hearing and before the magistrate. At the magistrate's hearing Stephen had an opportunity to present evidence as to why the trial court should not impute an income of $16,800 per year. Stephen's complaint that in 1997 he was denied due process rights is not well-taken. The magistrate and the trial court afforded Stephen those rights in the 1996 proceedings. After his appeal and our remand, the trial court was merely required to apply the facts already before it to the statutorily required worksheet.
In his first appeal Stephen challenged the substance of the trial court's May 31, 1996 decision to impute income to him. This Court, in its decision of March 5, 1997, decided that at the time the issue of imputed income was moot, based on our decision that the trial court's failure to complete the worksheet was reversible error. Ilius v. Lewis (Mar. 5, 1997), Medina App. No. 2571-M, unreported, at 3. However, after remand, Stephen could have appealed this issue again, but he did not. He has not alleged error by the trial court as to the substance of its decision nor has he submitted to this Court any factual basis on which to review the trial court's decision to impute income of $16,800 for purposes of a child support determination. Rather, he now appeals the trial court's denial of his request to present new evidence. For the reasons stated above, we overrule this assignment of error.
 IV.
ASSIGNMENT OF ERROR:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT PROVIDING FINDINGS [OF] FACT AND CONCLUSIONS OF LAW.
 In October, 1997 Stephen filed a Civ.R. 52 motion asking the trial court to issue findings of fact and conclusions of law. Civ.R. 52 states that "[w]hen questions of fact are tried by the court without a jury, * * * [if] one of the parties in writing requests[,] * * * the court shall state in writing the conclusions of fact found separately from the conclusions of law." The trial court on December 5, 1997 denied Stephen's request for new findings of fact and conclusions of law. However, in its December 8, 1997 judgment, the trial court went on to say that it was adopting the magistrate's July 30, 1997 decision, which itself adopted the findings of fact and conclusions of law issued by the magistrate on February 8, 1996 and the specific findings of the trial court dated April 10, 1996. This is sufficient to meet the requirements of Civ.R. 52, which states "[a]n opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule[.]" See, also, Dunson v. Aldrich (1988), 54 Ohio App.3d 137, 144-145.
The magistrate's decisions and the findings of the trial court which were adopted by reference in the December 8, 1997 judgment entry do not contain separately stated findings of fact and conclusions of law. However, the Ohio Supreme Court has stated that "[t]he purpose of [Civ.R. 52] is therefore clear: to aid the appellate court in reviewing the record[.]" In reAdoption of Gibson (1986), 23 Ohio St.3d 170, 172, quoting Werdenv. Crawford (1982), 70 Ohio St.2d 122, 124. Where the trial court's decision, along with the record, states the facts and the legal conclusions of a case in a manner sufficiently clear to permit review, the substantive requirement of Civ.R. 52 is met.Abney v. Western Res. Mut. Cas. Co. (1991), 76 Ohio App.3d 424,431.
The record below is replete with findings of fact regarding Stephen's employment and earnings history. This includes the undisputed fact that he was employed in an unprofitable business venture from which, by his own admission, he derived no income, and that he has chosen to pursue that course rather than to seek a paying job.[2] The court's several findings and decisions clearly set forth the facts upon which it based its judgment that Stephen was voluntarily underemployed, and that the court was permitted to impute income to him, pursuant to R.C. 3113.215(A)(1) and 3113.215(A)(5).
We find, therefore, that the court did not abuse its discretion in denying Stephen's request that it issue additional findings of facts and conclusions of law. Given our current decision affirming the trial court's refusal to consider new evidence on remand, there is no reason that the original findings of fact and conclusions of law which were issued in 1996 should have been disturbed by the trial court. Thus, we find that the court's adoption by reference of the earlier findings of fact and conclusions of law was a sufficient and appropriate response to Stephen's Civ.R. 52 motion. This assignment of error is overruled.
Having overruled Stephen's assignments of error, we affirm the decision of the trial court.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
 FOR THE COURT
SLABY, J.
CARR, J.
CONCUR
[1] In his brief, Stephen also lists the following assignments of error:
 "1. The trial court committed reversible error by failing to hold an evidentiary hearing on remand in order to determine accurately the pertinent facts for inclusion in a child support worksheet.
 "2. The trial court committed reversible error by failing to issue findings of fact and conclusions of law with respect to its decision to impute $16,800 in income to the Appellant.
 "3. The trial court abused its discretion and committed reversible error by imputing $16,800 in income to the Appellant without having a factual basis for doing so."
 While Stephen lists these as assignments of error, he does not argue these assignments of error separately, but rather bases his arguments on the assignments of error listed in the table of contents for his brief. App. R. 12(A)(2) permits the appellate court to disregard an assignment of error if the appellant "fails to argue the assignment separately in the brief, as required under App. R. 16(A)." See, also, Mitulski v. USS/Kobe Steel Co. (May 26, 1999), Lorain App. Nos. 98CA007085 and 98CA007105, unreported, at 6. Thus, we address only those assignments of error which were both listed and argued separately in Stephen's brief.
[2] It is notable that at the September 19, 1995 administrative hearing, Stephen failed to produce records about his business, although he was ordered to do so by the CSEA administrative reviewer. In its decision on the issue, the hearing examiner noted that without such records it was impossible to determine whether Stephen was deriving non-taxable benefits from the operation of his business. The reviewer also advised the court that she had to proceed with the review based on "a reasonable assumption with respect to Mr. Ilius' income" due to his failure to submit financial information. Stephen now challenges the reasonableness of these very assumptions that would have been unnecessary for the court to make if he had cooperated in the fact-finding process.