[Cite as *Welty v. Casper*, 2014-Ohio-2903.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| A.A.C.W., | : | |
| On behalf of: | : | No. 13AP-618 |
| Howard P. Welty, III, | : | (C.P.C. No. 08JU-03-3585) |
| Plaintiff-Appellant, | : | (REGULAR CALENDAR) |
| v. | : | |
| Kristine L. Casper, | : | |
| Defendant-Appellee. | : | |
| In re: | : | |
| A.A.C.W., | : | |
| On behalf of: | : | |
| Howard P. Welty, III, | : | No. 13AP-714 |
| Plaintiff-Appellee, | : | (C.P.C. No. 08JU-03-3585) |
| v. | : | (REGULAR CALENDAR) |
| Kristine L. Casper, | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on June 30, 2014

*Kokensparger & Ryan, L.L.C., Steven J. Kokensparger*, and *Corrinne Ryan*, for Howard P. Welty, III.

*Tyack, Blackmore, Liston & Nigh Co., L.P.A.*, and *Thomas M. Tyack*, for Kristine L. Casper.

_____

APPEALS from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

BROWN, J.

{¶ 1} In these consolidated cases, Howard P. Welty, III, plaintiff-appellant/appellee, appeals from a judgment in case No. 13AP-618 of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the court overruled his objections to a magistrate's decision. Kristine L. Casper, defendant-appellee/appellant, appeals from a judgment in case No. 13AP-714 in which the court dismissed her objections to a magistrate's decision.

{¶ 2} This is a highly litigious matter, and many motions and pleadings generated by both parties that are not directly germane to the present appeal have been omitted from the following facts. Howard and Kristine were involved in a relationship that resulted in the birth of a daughter on September 7, 2007. On March 13, 2008, Howard filed a complaint to establish parentage, child support, and parental rights and responsibilities. On August 1, 2008, a magistrate issued a temporary order, which included temporary child support and temporary parenting time determinations. On September 9, 2008, the trial court issued a judgment of paternity, finding Howard to be the child's father consistent with genetic testing. A series of contempt motions, other filings, and an appeal on two of Howard's contempt motions followed.

{¶ 3} While the above noted appeal was pending, the remaining issues regarding custody and parenting time proceeded to trial before a magistrate. On September 2, 2011, the magistrate issued an interim order in which the magistrate modified the temporary orders based upon the evidence presented at trial. On September 6, 2011, Kristine filed a motion to set aside/objections to the magistrate's September 2, 2011 order. The magistrate then issued an interim decision on September 13, 2011, in which the magistrate made various determinations but requested further submissions from the parties regarding shared parenting. The trial court adopted the magistrate's decision on September 16, 2011. Kristine filed objections to the magistrate's decision on September 30, 2011.

{¶ 4} On December 8, 2011, the magistrate issued another interim decision in which the magistrate decided the issue of shared parenting and requested that Howard file a shared parenting plan comporting with the decision. On December 22, 2011, Kristine filed objections to the magistrate's December 8, 2011 decision.

{¶ 5} On January 17, 2012, the magistrate issued her final decision which the trial court adopted the same day. On January 31, 2012, Kristine filed objections to the magistrate's final decision. On February 10, 2012, Howard filed objections to the magistrate's decision asserting the magistrate erred when she found she did not have the authority to award him attorney fees.

{¶ 6} On April 13, 2012, the trial court issued a judgment in which it dismissed Kristine's September 30, 2011 objections as being filed prematurely. On July 30, 2012, Kristine filed a supplemental memorandum in support of her objections to the magistrate's January 17, 2012 decision.

{¶ 7} On June 19, 2013, the trial court issued a judgment in which it overruled Howard's February 10, 2012 objections and found there was no authority for granting attorney fees in a paternity action.

{¶ 8} On August 5, 2013, the trial court issued a judgment in which it dismissed Kristine's July 30, 2012 objections to the magistrate's January 17, 2012 decision. The court found that the July 30, 2012 objections referenced her September 30, 2011 objections, which the trial court had already denied in its April 13, 2012 decision. The court concluded that her July 30, 2012 objections were untimely, not specifically stated, and not accompanied by a complete transcript.

{¶ 9} Howard has appealed the trial court's June 19, 2013 judgment asserting the following two assignments of error:

> [I.] TRIAL COURT ERRED IN HOLDING THAT IT LACKED LEGAL AUTHORITY TO CONSIDER APPELLANT'S MOTION FOR ATTORNEY FEES IN A JUVENILE COURT ACTION FOR ESTABLISHMENT OF CHILD SUPPORT AND CUSTODY.
>
> [II.] TRIAL COURT ERRED IN FAILING TO CONSIDER APPROPRIATE FACTORS IN ITS FINAL ALLOCATION OF GUARDIAN *AD LITEM* FEES.

{¶ 10} Kristine has appealed the trial court's August 5, 2013 judgment, asserting the following assignment of error:

> THE TRIAL COURT ERRED IN OVERRULING THE OBJECTIONS OTHER THAN ON THE MERITS ON THE BASIS THEY WERE NOT TIMELY FILED BY INCORRECTLY STATING THAT THE OBJECTIONS WERE NOT FILED UNTIL JULY 30, 2012 AND BY INCORRECTLY STATING THAT THE OBJECTIONS WERE NOT SPECIFIC IN TOTAL DISREGARD OF THE CONTENT IN THE JANUARY 31, 2013 OBJECTIONS AND BY SUGGESTING THAT BECAUSE THERE WAS NOT A COMPLETE TRANSCRIPT (VIS A VIS 5 VOLUMES WHICH WERE FILED) THAT, THEREFORE, THE RULE AS TO FILINGS OF PORTIONS OF THE TRANSCRIPT, HAD NOT BEEN COMPLIED WITH. (JUDGMENT ENTRY FILED 8/5/13).

{¶ 11} Howard argues in his first assignment of error that the trial court erred when it held that it lacked legal authority to grant attorney fees in a juvenile court custody case. A court's inherent authority is a power that is neither created nor assailable by acts of the legislature. *Hale v. State*, 55 Ohio St. 210, 215 (1896). But a juvenile court is a creature of statute and, therefore, has only such powers as are conferred upon it by the legislature. *See In re Agler*, 19 Ohio St.2d 70, 72-74 (1969). Thus, it has little, if any, inherent power.

{¶ 12} R.C. 2151.23(B)(2) provides that the juvenile court has original jurisdiction to hear paternity actions brought pursuant to R.C. 3111.01 et seq. R.C. 3111.13(C) expressly provides that "[a]fter entry of the judgment or order, the father may petition that he be designated the residential parent and legal custodian of the child or for parenting time rights in a proceeding separate from any action to establish paternity." However, the Supreme Court of Ohio has found that a juvenile court has jurisdiction to consider a father's request to establish custody and parenting time under R.C. 3111.13(C) in the original parentage action. *See Pegan v. Crawmer*, 76 Ohio St.3d 97 (1996). R.C. 2151.23(F) provides that the juvenile court must exercise its jurisdiction in custody and child support matters in accordance with several specific sections, including R.C. 3109.04 and 3109.05, respectively. Although R.C. 3105.73 provides that the court may award attorney fees and litigation expenses arising from custody and child support actions under R.C. 3109.04 and 3109.05, R.C. 2151.23(F) does not specifically mention R.C. 3105.73 among the sections pursuant to which the juvenile court must exercise its jurisdiction in

child support and custody matters. R.C. 3111.14 does provide that a court may award costs and expenses in a parentage action but it does not provide for the award of attorney fees.

{¶ 13} Thus, the issue before us is, if juvenile courts are creatures of statute and must derive their authority to act from statutory enactments, does the Ohio Revised Code provide for juvenile courts to award attorney fees in paternity actions? This court addressed this issue in *Dunson v. Aldrich*, 54 Ohio App.3d 137 (10th Dist.1988). In *Dunson*, the mother initiated a paternity proceeding against the father seeking a paternity determination, child support, and attorney fees, among other things. The father admitted paternity and a referee ordered the father to pay child support and the mother's court costs, including her attorney fees. On appeal, the father argued that the domestic relations court is not empowered by R.C. 3111 to assess attorney fees in a paternity proceeding. This court agreed. We explained that, while the Uniform Parentage Act includes attorney fees as a portion of the costs that may be awarded in a filiality proceeding, the Ohio version of the Uniform Parentage Act excludes attorney fees. *Id.* at 143. We found that, as such, it was apparently the intention of the General Assembly to exclude attorney fees from an award fashioned by the domestic relations court under R.C. Chapter 3111. *Id.* Therefore, we concluded that, although Ohio courts may award attorney fees as a component of a support award sought in a modification or enforcement proceeding, pursuant to R.C. 3109.05, there was no authority that allowed attorney fees as a component of an original order for child support.  *Id.* at 143-44.

{¶ 14} In the present case, the trial court relied upon *Dunson* in rejecting Howard's request for attorney fees. Howard asserts that *Dunson* is distinguishable. Howard claims that the preclusion of the recovery of attorney fees only applies to an initial paternity establishment case, citing *Absalom v. Absalom*, 9th Dist. No. 15122 (Nov. 6, 1991), and *Wright v. Wright*, 9th Dist. No. 91CA005271 (Aug. 26, 1992), and the present case does not involve an initial establishment of paternity but, rather, a subsequent allocation of parental rights and responsibilities involving a modification of the initial support orders. Howard explains that child support and custody litigation involves three stages: (1) the establishment of paternity, (2) the establishment of child support, and (3) the establishment of custody or parenting time.  In the current case, Howard asserts, paternity was established and initial child support orders were issued by the magistrate in August 2008, and the parties have been litigating the final allocation of parental rights

and responsibilities ever since, which includes a modification of the child support orders to reflect the final custody order.

{¶ 15} We find *Dunson* provides guidance in the present case. Howard's claim that the facts in *Dunson* are inapposite to those here is without merit. Despite Howard's urging that the parentage establishment "stage" and child support "stage" of a parentage proceeding should be considered separate for purposes of determining the allowance of attorney fees, we find the present case commenced as a parentage action in the juvenile court, and it was not transformed into another type of proceeding after parentage was determined so as to remove it from the limitations of how a juvenile court must exercise its jurisdiction, as spelled out in R.C. 2151.23(F). Furthermore, the trial court's final order was not a "support-modification" proceeding, which we acknowledged in *Dunson* permits an award of attorney fees. The custody and child-support order issued by the magistrate in August 2008 was clearly a temporary order; thus, the trial court's final January 17, 2012 judgment was not a modification of child support. Therefore, the allocation of parental rights and responsibilities and the determination of child support were part of the original parentage action.

{¶ 16} In addition, in both the present case and in *Dunson*, the case originated as a complaint seeking to establish a father-child relationship and child support, and paternity was established before the court issued the order establishing child support. In *Dunson*, we did not find that the subsequent establishment of child support was a separate "stage" from the initial establishment of paternity so as to permit attorney fees to be awarded. Indeed, we found in *Dunson* that the child support award was "fashioned by the domestic relations court under R.C. Chapter 3111," the parentage chapter. *Id.* at 143. The child support awarded in *Dunson* is no different than the child support the trial court awarded in the present case in its final judgment. Both were initial child-support awards fashioned under R.C. Chapter 3111 and 3111.14 fails to grant any authority to the court to grant attorney fees in such a case. The fact that temporary orders were previously issued in the present case is irrelevant.

{¶ 17} In *Patrick T. v. Michelle L.*, 6th Dist. No. WD-00-005 (Nov. 30, 2000), the Sixth District Court of Appeals was faced with facts similar to those in the present case and came to the same conclusion, citing *Dunson*. In *Patrick T.*, the father filed a complaint to establish paternity, child support, and visitation. The trial court eventually

issued a decision, finding the father to be the father of the child. The father then filed a motion for attorney fees. After a hearing on the issues of visitation and support, the trial court issued a judgment in which it also denied father's request for attorney fees. On appeal, the court of appeals found that the Ohio version of the Uniform Parentage Act excludes attorney fees, citing *Dunson*. Thus, just as in the present case, the court in *Patrick T.* found the trial court had no authority under R.C. 3111.14 to assess attorney fees in a paternity proceeding.

{¶ 18} Therefore, based upon our precedent in *Dunson*, we find the trial court here did not err when it found it lacked authority to award Howard attorney fees in his parentage action. Howard's first assignment of error is overruled.

{¶ 19} Howard argues in his second assignment of error that the trial court erred when it failed to consider appropriate factors in its final allocation of guardian ad litem ("GAL") fees. Specifically, Howard's argument is that the trial court was required to indicate in its decision that it considered the parties' respective incomes and earning abilities when it denied his request to reallocate the GAL fees, which were established in the court's initial order appointing the GAL several years before the court's decision.

{¶ 20} The trial court has discretion over the amount of GAL fees, as well as the allocation to either or both parties. *Karales v. Karales*, 10th Dist. No. 05AP-856, 2006-Ohio-2963, ¶ 21, citing *Davis v. Davis*, 55 Ohio App.3d 196, 200 (8th Dist.1988); *Robbins v. Ginese*, 93 Ohio App.3d 370 (8th Dist.1994). Fees may be allocated based on the parties' litigation success and economic status. *Karales* at ¶ 21. Moreover, it is proper to allocate GAL fees based upon which party caused the work of the GAL. *Id.*, citing *Jarvis v. Witter*, 8th Dist. No. 84128, 2004-Ohio-6628, ¶ 100, citing *Marsala v. Marsala*, 8th Dist. No. 67301 (July 6, 1995).

{¶ 21} In the present case, the trial court indicated in its decision that both parties engaged in extensive disputes over the life of the case and necessitated the GAL's involvement and fees. The court then found that the magistrate's determination that the GAL's fees be paid equally by the parties was in the best interest of the child and entirely appropriate.

{¶ 22} Despite Howard's claims, he fails to cite any authority for the proposition that a trial court is required to make specific findings regarding the parties' incomes and earning abilities in a decision allocating GAL fees. Furthermore, Howard fails to cite any

authority for the proposition that a trial court is required to consider the parties' incomes and earning abilities in allocating GAL fees. As indicated above, this court has found that fees *may* be allocated based on the parties' economic status. *Id.*

{¶ 23} In addition, Howard does not assert that the trial court abused its discretion in determining that it was fair for the parties to equally divide the GAL fees. Howard agrees that Kristine makes a "strong argument" in support of her position that the GAL fees were appropriately allocated, though he believes he has a compelling argument for redistribution of the GAL's fees based upon the income of the parties and the contention that Kristine's mother pays part of her litigation expenses. Howard's argument is not one sounding in an abuse of discretion. Therefore, we find the trial court did not abuse its discretion when it determined that the allocation between the parties for payment of the GAL's fees should remain equal. Howard's second assignment of error is overruled.

{¶ 24} Kristine argues in her sole assignment of error that the trial court erred in overruling her objections on the bases that they were not timely filed and that she did not file a complete transcript. Kristine's argument concerns the trial court's August 5, 2013 judgment in which it dismissed Kristine's July 30, 2012 objections to the magistrate's January 17, 2012 decision because (1) the July 30, 2012 objections referenced her September 2011 objections, which the trial court already denied in its April 13, 2012 decision, and (2) Kristine's July 30, 2012 objections were untimely, not specifically stated, and were not accompanied by a complete transcript.

{¶ 25} Juv.R. 40(D)(3) provides, in pertinent part:

> (b) Objections to magistrate's decision.
>
> (i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.
>
> (ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

(iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 26} We first address the timeliness issue. The August 5, 2013 judgment addressed Kristine's July 30, 2012 objections to the magistrate's January 17, 2012 decision. Although the trial court found these objections were untimely, we disagree. Juv.R. 40(D)(3)(b)(i) does require a party to file objections within 14 days of the filing of the magistrate's decision. However, Kristine did timely file her original objections to the magistrate's January 17, 2012 decision on January 31, 2012. In her January 31, 2012 objections, Kristine specifically reserved the right to supplement the objections upon receipt of the transcript of the proceedings. Juv.R. 40(D)(3)(b)(iii) permits a party to supplement timely objections if the objections are filed prior to the date on which the transcript is prepared. The transcripts were filed on June 20, 2012. The July 30, 2012 pleading was captioned as a supplemental memorandum in support of objections to the magistrate's January 17, 2012 decision. Therefore, we find Kristine's July 30, 2012 supplemental objections were timely.

{¶ 27} The trial court also refused to address Kristine's September 6, 2011 objections/motion to set aside the magistrate's September 2, 2011 order and her September 30, 2011 objections to the magistrate's September 13, 2011 decision. The trial court found that it had already denied and dismissed these objections in its April 13, 2012 decision. We agree with the trial court that it denied Kristine's September 6, 2011 objections on the merits and did not have to address those objections again. However, we disagree that the trial court could deny and dismiss her September 30, 2011 objections to the extent that the trial court was not required to ever address them. The trial court found

that the September 30, 2011 objections were premature and not yet ripe because the magistrate's September 13, 2011 decision was an interim decision that requested shared parenting plans from the parties and indicated a later decision would address all other matters not already addressed in the September 13, 2011 decision. Because it was clear that the magistrate's September 13, 2011 decision to which Kristine objected was an interim decision, the trial court had a duty to address Kristine's timely filed objections at some point in the future after the final magistrate's decision was issued. In her later objections filed January 31, 2012, Kristine specifically incorporated by reference the September 30, 2011 objections. Thus, we find the trial court was required to address Kristine's September 30, 2011 objections in its August 5, 2013 decision.

{¶ 28} Furthermore, the trial court never addressed Kristine's December 22, 2011 objections to the magistrate's December 8, 2011 decision. The magistrate's December 8, 2011 decision was also an interim decision, and Kristine indicated in her December 22, 2011 objections that she was incorporating her September 30, 2011 objections and reserving the right to supplement the objections. Thus, the trial court should have also addressed Kristine's December 22, 2011 objections.

{¶ 29} The trial court also found that Kristine's objections were not accompanied by a complete transcript. The trial court erred in this respect. Juv.R. 40 does not require a full transcript under all circumstances. Juv.R. 40(D)(3)(b)(iii) provides that an objection to a factual finding must be supported by only a transcript of all the evidence relevant to that finding. Thus, the court never specifically addressed whether the portions of the transcript filed by Kristine were sufficient to support her particular arguments. In addition, because the trial court did not address either the September or December 2011 objections, it never addressed whether the portions of the transcript filed by Kristine were sufficient to support the arguments contained therein. Therefore, we remand the matter to the trial court to decide whether the partial transcript filed by Kristine contained all of the evidence relevant to the disputed findings raised in her objections. If the transcript is sufficient, the trial court should address the objections. If the transcript is insufficient, the trial court may take any action it deems proper under the circumstances, including permitting Kristine to file other portions of the transcript or overruling any objections that are unsupported by the current transcript. For these reasons, Kristine's  assignment of error is sustained to the extent noted.

{¶ 30} Accordingly, Howard's two assignments of error in case No. 13AP-618 are overruled, and the June 19, 2013 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed. Kristine's assignment of error in case No. 13AP-714 is sustained to the extent noted, the August 5, 2013 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is reversed and this matter is remanded to that court for further proceedings in accordance with law, consistent with the above decision.

*June 19, 2013 judgment affirmed in case No. 13AP-618;*
*August 5, 2013 judgment reversed in case No. 13AP-714; cause remanded.*


DORRIAN and O'GRADY, JJ., concur.

_____